Nov. Term,
1853.

Young
v.
The State
Bank.

(1) See Gen. Laws 1851, p. 121.

---

## Young and Others *v.* The State Bank.

4  301
159  278

Where, in the absence of a party, the Court has improperly allowed the record to be amended by noting the filing of pleadings by his adversary, the proper remedy is by motion, in the same Court, to have the amendment set aside.

A judgment by *nil dicit*, where pleas remain undisposed of, is erroneous.

The legislature has not the power to grant a new trial of a suit at law.

May Term,
1853.

Young
v.
The State
Bank.

Monday,
November 28.

ERROR to the *Owen* Circuit Court.

PERKINS, J.—Assumpsit by the *State Bank* for the use of the branch at *Terre Haute*, against *John Young* and others, upon a promissory note payable at said branch. Judgment below for the plaintiff, *September*, 1841.

In 1845 the legislature of the state passed an act granting a new trial. The Circuit Court held said act unconstitutional, and refused to hear the new trial. Before considering this point, another will be noticed.

The judgment in the case upon the trial had, was entered as one by *nil dicit,* no defence appearing to have been interposed. Subsequently the record was amended, on the motion of the defendants, in the absence of the plaintiff, so as to show that the plea of the general issue and several special pleas were filed, upon which issues at law were formed. It is objected that said amendment was illegally made. This objection has already been answered. When this cause was before us upon the chancery side of the Court, it was decided that the Court below had power to make the amendment. See the case of *The State Bank* v. *Young et al.*, 2 Ind. R. 171. It is there laid down that, "what the bill says as to the entry made in the record relative to the filing of the pleas, is not material. The pleas were on file among the papers in the cause, but the clerk had omitted to make an entry of their being filed. The Court of law, surely, could have that misprision amended at any time when proper application was made. If the amendment was objectionable for the want of notice to the bank of the motion, as is insisted upon by her counsel, she should have applied to the Court of law, on that ground, to set the amendment aside."

No such application appears to have been made, and the pleas must, therefore, be considered a part of the record of the cause. This being the case, the judgment by *nil dicit,* those pleas being undisposed of, was clearly erroneous, and must, for this cause, be reversed. *Tipton* v. *Cummins,* 5 Blackf. 571.—*Maddox* v. *Pulliam, id.* 205.

We now return to the point passed by, though it has
become immaterial in the case.

The Circuit Court did right in refusing to hear the new
trial granted by the special act of the legislature. The
legislature does not possess the power to grant a new
trial in a suit at law. The constitution of *Indiana* has
always contained the following provision:

"The powers of the government of *Indiana* shall be
divided into three distinct departments, and each of them
be confided to a separate body of magistracy, to-wit:
those which are legislative, to one; those which are execu-
tive, to another; and those which are judiciary, to an-
other; and no person, or collection of persons, being of
one of these departments, shall exercise any power pro-
perly attached to either of the others, except in the in-
stances herein expressly permitted." (1)

There is no section of the constitution permitting the
legislature to grant new trials.

The granting of a new trial is a judicial act, and, in
this state, controlled by settled rules of law. If an infe-
rior Court should, in any given case, exercise the power
to grant new trials, in violation of these settled rules,
this Court would set aside the grant, and leave the judg-
ment rendered unaffected.

Now, the constitution above quoted says the legislature
shall not perform a judicial act. The granting of a
new trial, we have seen, is a judicial act. Therefore,
the legislature cannot grant a new trial.

And it is a power that should not be possessed by the
legislature, in its legislative capacity; because, in that
capacity, it would not be governed by legal rules. In
governments where the constitution converts the legisla-
ture, on some occasions and for some purposes, into a
court, while that body is thus acting, it is governed by the
same rules, and restrained in its action by the same au-
thorities, as are courts of law. Not so where it acts sim-
ply in its legislative capacity; and to permit it to dis-
pose of judicial questions in that capacity, would be in

the highest degree dangerous to the rights of the individual members of the community.

It has already been solemnly decided by the highest courts of the *Union*, that the legislature of a state cannot pass appraisement and stay laws that shall embarrass and postpone the collection of debts beyond the time allowed by the law of the contract, on the ground that such legislation impairs the obligation of contracts. But if the legislature may grant new trials, *ad libitum*, it can forever prevent the collection of debts. It could, at pleasure, wipe out every judgment in the state. Possessed of such a power, that of passing stop-laws would not be sought for.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. P. Hester* and *D. Wallace*, for the plaintiffs.

*A. Kinney* and *S. B. Gookins*, for the defendant.

(1) The language quoted is that of article 2 of the constitution of 1816. Article 3 of the constitution of 1851, is as follows: "The powers of the government are divided into three separate departments; the Legislative, the Executive, including the administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this constitution expressly provided."