No. 11,062.

## ROGERS *v.* BEAUCHAMP ET AL.

102   33
138   372

102   33
154   156
154   290

JUDGE PRO TEMPORE.—*Appointment of.*—*Record.*—*Collateral Attack.*—Where the record on appeal shows the appointment of a judge *pro tempore* of the circuit court to have been regularly made, that he qualified, caused his appointment and oath to be properly entered on the order-book, and presided under such appointment during a term of such court, a party against whom judgment has been rendered during such term will not be heard, in a subsequent proceeding to set aside such judgment, to impeach and contradict the record by the allegation of facts and circumstances *dehors* the record, tending to show that the appointment had not been so made; and a complaint to enjoin the collection of such judgment, which admits that according to the record the appointment was properly made, but avers facts contradictory of the record and denying the appointment, is bad on demurrer.

SUPERIOR COURT OF VIGO COUNTY.— *Jurisdiction.*—Query, whether the superior court of Vigo county has jurisdiction over the judgments and process of the circuit court of that county.

From the Vigo Superior Court.

*S. C. Stimson, R. B. Stimson* and *R. Dunnigan,* for appellant.

*J. W. Shelton,* for appellees.

Howk, J.—The only error assigned by the appellant, the plaintiff below, upon the record of this cause, is the sustaining of the defendants' demurrer, for the want of sufficient facts, to his complaint.

Appellant Rogers alleged in his complaint that during the year 1881 Hon. Harvey D. Scott was the regular judge of the Vigo Circuit Court, of Vigo county, in this State; that during the vacation of such court preceding its September term, 1881, Judge Scott was sick in Battle Creek, in the State of Michigan, and was thereby unable to return to this State or to hold the September term, 1881, of such court; that, in order that the court should not lapse, by reason of his sickness and absence, Judge Scott wrote to I. N. Pierce, Esq., an attorney of such court, informing him of such sickness, and

requesting him to ascertain the wishes of the bar of such court as to the appointment of a judge *pro tempore* to hold such September term of the court, and to make a selection and prepare an appointment and send it to him for his signature, and suggesting that Charles Cruft, Esq., a regular practicing attorney of such court and eligible to the office of judge, would be a desirable appointment, but intimating that he would conform to the selection made by the bar; that thereupon I. N. Pierce prepared and sent to Judge Scott an appointment in blank of a judge *pro tempore* to hold the September term, 1881, of such court; that when such appointment was received by Judge Scott he was very sick, and signed the same without observing or filling the blank left therein for the name of the appointee; that in this condition the appointment was returned to Pierce by mail, and was so delivered to said Charles Cruft, there not being sufficient time to return the same to Judge Scott for amendment before such term of court should begin; that Cruft, having been informed that Judge Scott had so suggested his name as aforesaid, caused his own name to be inserted in such blank appointment as the appointee, and on the 5th day of September, 1881, caused such appointment, with his name so filled therein, to be entered upon the order-book of such court, and, having been duly sworn, proceeded to discharge the duties of judge of such court for such term; and that Judge Scott was absent from such court during such entire term, and signed none of the records or entries of such term in the order-book of the court, but that all such entries and records were signed by said Cruft as judge.

And the appellant further alleged that at the September term, 1881, of such court, there was an action pending wherein the appellee Beauchamp was plaintiff and the appellant Rogers was defendant; that the appellant and his attorneys in such action, being ignorant of the manner of Cruft's appointment as judge of such court, or of any of the circumstances above stated, except so far as they may be constructively charged

with knowledge thereof by the record in such action, submitted the cause for trial to Cruft as judge of the court for such term, who ordered final judgment therein against the appellant; that the appellant and his attorneys did know that Charles Cruft was acting as judge of such court for its September term, 1881; and that the sole authority of Cruft to act as such judge was his appointment made and procured as aforesaid. Wherefore appellant said that such judgment was void.

Appellant further alleged that appellee Beauchamp had caused an execution to be issued on such void judgment, which writ was then in the hands of appellee, John Cleary, as sheriff of Vigo county; and that Cleary, as such sheriff, was about to levy such execution on the property of the appellant, to his irreparable injury. . Wherefore, etc.

The appellees' counsel has not favored this court with any brief or argument in support of the decision below sustaining their demurrer to the foregoing complaint; but counsel has left us to find out, if we can, the grounds, if any, upon which such decision can be sustained. We may remark in the outset, that we can perceive no sufficient reason, and none is stated, for the commencement of this suit in the superior court of Vigo county. The objects of the suit, as shown by the complaint, were to have a judgment of the Vigo Circuit Court, a court of at least equal, if not superior, dignity to such superior court, annulled and declared void, and the collection of an execution issued on such judgment enjoined, by the decree of the superior court. It is true that the jurisdiction of the superior court of the subject-matter of this suit was not called in question below, nor is it questioned here in any manner, by any assignment of error or cross error, or otherwise. But the question is in the record, and while we are not required to decide it as the case is presented, yet we do not wish it to appear that the question escaped our notice. While we do not decide the question, it is not improper for us to say that the jurisdiction of the superior court of Vigo

county, over the judgments and process of the Vigo Circuit Court, for the purposes sought in this suit, may well be questioned, and is, at least, doubtful.

Waiving this point, however, we are of opinion that the appellant's complaint, if his suit had been instituted in the proper court, does not state facts sufficient to constitute a cause of action, or to entitle him to the relief demanded therein. It will be observed that in his complaint the appellant seeks to have the judgment against him, therein described, annulled and declared void by the allegation of facts and circumstances not apparent on the face of the judgment, but wholly *dehors* the record. Such a complaint makes a collateral attack on the judgment described therein, and is bad on demurrer for the want of sufficient facts. This is settled by many decisions of this court. *Pressler* v. *Turner*, 57 Ind. 56; *Reed* v. *Whitton*, 78 Ind. 579; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *State, ex rel.*, v. *Murdock*, 86 Ind. 124; *Smith* v. *Hess*, 91 Ind. 424; *Reid* v. *Mitchell*, 93 Ind. 469; *Young* v. *Wells*, 97 Ind. 410; *Dowell* v. *Lahr*, 97 Ind. 146.

In the case in hand the appellant seeks to have the judgment against him annulled and declared void upon the ground that the Vigo Circuit Court lapsed for the want of a judge, and was not in session during its September term, 1881, when such judgment was rendered. Of course there can not be a court without a judge. But it is not claimed that the record shows there was no judge present during the term. On the contrary, it is stated in the complaint that the record does show that Harvey D. Scott, judge of the Vigo Circuit Court, "being unable by reason of sickness to preside at the September term, 1881, of such court," did appoint in writing "Charles Cruft, an attorney of such court, to preside and hold the said term of such court;" that Cruft accepted such appointment, and took and subscribed the oath required by law; that on the first day of such September term Cruft caused his written appointment and oath to be entered on the order-book of such

Rogers *v.* Beauchamp *et al.*

court; and that Cruft presided and held such September term, 1881, of such court, without objection from the appellant or from any one else. In his complaint the appellant seeks to impeach and contradict this record by the allegation of facts and circumstances *dehors* the record, tending to show that Judge Scott had never in fact appointed Cruft, as judge *pro tempore*, to hold such term of such court. This was a collateral attack upon the record, and therefore the appellees' demurrer to the complaint was correctly sustained. *Reid* v. *Mitchell, supra.*

Judge Scott's appointment of Charles Cruft, as judge *pro tempore* was fully authorized by the provisions of section 4 of the act of March 1st, 1855, providing for the holding of terms, etc., of courts " when the judge is absent or unable to attend " (Acts 1855, p. 61; 2 R. S. 1876, p. 10), which section of the statute we have held and yet hold to be in full force. *Zonker* v. *Cowan*, 84 Ind. 395; *State, ex rel.*, v. *Murdock, supra*. As entered upon the order-book Cruft's appointment was in all respects regular. In *Case* v. *State*, 5 Ind. 1, the court said : " The appointment constitutes a part of the record. It appears in legal form, and gave to the appointee at least a colorable title to the office. He was no usurper, but supposed himself to be rightfully invested, and acted in good faith. A court *de facto*, if not *de jure*, was thus constituted." In *Feaster* v. *Woodfill*, 23 Ind. 493, it was held that " when the appointment is regular on its face, the objection must be made at the trial, or all objections to the authority of such appointee will be deemed waived." In *State, ex rel.*, v. *Murdock, supra*, it is said : " If such appointee holds under color of right he is, while so holding, a judge *de facto*, and the validity of his acts can not be questioned by a party, for the first time, in a collateral attack." Our conclusion is that the demurrer to the complaint was correctly sustained.

The judgment is affirmed with costs.

Filed May 16, 1885.