Backer *et al. v.* Eble *et al.*

Filed March 11, 1896.

---

No. 17,600.

BACKER ET AL. *v.* EBLE ET AL.

APPEAL.—*Will Not Lie from Judgment Rendered in Vacation.*— An appeal will not lie to the Supreme Court from a purported judgment rendered without statutory authority in vacation, as such purported judgment is in legal contemplation no judgment at all, but at most a special finding.

From the Perry Circuit Court.

*S. K. Connor* and *I. S. Bramel,* for appellants.

*H. A. Mattison, F. B. Posey* and *A. J. Clark,* for appellees.

MCCABE, J.—The transcript in this case presents a curiosity. The appellants sued the appellees for possession of a piece of ground in the town of Troy, in the county of Perry. After the issues were made · at the May term, 1894, the cause was continued, as the transcript states, without any showing that the cause

was submitted for trial to either court or jury. The transcript shows that in vacation between the May and August terms, to-wit: on the 29th day of June, 1894, the judge of the Perry Circuit Court filed a paper called a special finding and conclusions of law, and following the conclusions of law in such paper is a formal judgment for the defendants pursuant to the conclusions of law, and below the judgment, on such paper, the judge's signature is appended, and that is the only signature to the special finding and conclusions of law. This paper does not show any submission of the cause for trial. There does not appear to have been any action taken on the finding in term, nor was any judgment rendered other than that already mentioned.

At the following August term, the appellants moved for judgment in their favor on the special finding, which was overruled; then they moved for a new trial, and in that motion notified the court, which notice formed a part of the motion, that they intended to take the cause to the Supreme court on the bill of exceptions only, but no bill of exceptions was ever filed. The motion for a new trial was overruled. The plaintiffs at the same term excepted to the conclusions of law.

They have appealed and assigned said rulings for error.

And, strange to say, while the prayer of appellants' assignment of error is that the judgment be reversed, they make the point in their brief that the record shows the rendition of no judgment.

We can neither reverse nor affirm unless the record shows the rendition of a judgment.

And stranger still, appellants cite in support of their contention that a judgment cannot be entered in vacation, *Passwater* v. *Edwards*, 44 Ind. 343, and

*Mitchell* v. *St. John*, 98 Ind. 598, to which we add *Newman* v. *Hammond*, 46 Ind. 119; *Ferger* v. *Wesler*, 35 Ind. 53.

Under these decisions the supposed judgment contained in the special finding was void because not rendered in term time. This is so because when the law authorizes or contemplates the doing of a judicial act, it is and must be understood to mean that the court in term must do it, and the judge in vacation cannot unless the power is expressly conferred upon him by statute. *Ferger* v. *Wesler, supra.* There is no statutory provision authorizing a judge to render judgment in vacation, as was attempted to be done in this case. The supposed judgment, being void, is as if it had been rendered by some private unofficial gentleman, and therefore is as if it had never been rendered at all.

There can be an appeal only from a final judgment, except in a few cases in which appeals are authorized from certain interlocutory orders. *Thomas, Admr.*, v. *Chicago, etc., Ry. Co.*, 139 Ind. 462, and auhorities there cited. This appeal does not fall within any of such exceptions.

It is true this court has often held that an appeal will lie from a void judgment. But this case does not fall within the purview of those decisions.

The thing called a judgment here does not purport to be the judgment of a court. The most that can be said of it is that it is a special finding on which no judgment has been rendered by the court.

It has been held by this court that an appeal will not lie from a finding without a judgment thereon. *State, ex rel.*, v. *Brown*, 44 Ind. 329. See also *Sare* v. *Butcher*, 141 Ind. 146. And so it was held in *Gray* v. *Singer, Admr.*, 137 Ind. 257, that the appeal

would not lie, although there was a finding and the bill of exceptions recited that a judgment had been rendered on the finding, though there was no showing that such judgment had been entered in the order book.

Appellants' contention having been established that no judgment has been rendered in this case, it follows that their appeal must be and is dismissed.

