STATE EX REL. O'RIORDAN *v.* STATE OF INDIANA ET AL.

[No. 20,418. Filed August 2, 1965. Dismissed by Supreme Court October 11, 1965.]

*Louis F. O'Riordan, pro se.*

*John J. Dillon,* Attorney General, for appellees.

BIERLY, C. J.—Petitioner, Louis F. O'Riordan, an inmate of the Michigan City Prison, No. 32766, Box 41, Michigan City, Indiana, pro se, files in this court, in assigned Cause No. 20418. a petition entitled "Verified Petition for Issuance and Service of Summons and Complaint", directed to the Clerk of this court, to issue and serve forthwith upon the defendants named in his complaint, a summons of this court, with a copy of a "Verified Petition for Writ of Mandamus", and setting a time, date and place

for a hearing on said complaint within twenty (20) days of the filing of said petition.

The action was directed to the Chief Justice of this court and entitled:

"Appeal from Marion Superior Court, General Term and/or in the Alternative an Original Action on a Verified Petition for a Writ of Mandamus".

Said complaint contained various averments and exhibits.

Petitioner-appellant, in his verified "Appeal from Marion Superior Court, General Term, and/or in the Alternative an Original Action on a verified petition for a Writ of Mandamus", requests leave of the Appellate Court to use Exhibits "B" and "C", designated above as his formal complaint, and Exhibit "G" designated as a "brief in support of his complaint" [Exhibits B and C].

In petitioner's verified petition for Writ of Mandamus, he alleges in § 1 "that petitioner is unlawfully confined and restrained of his liberty by the defendants in violation of petitioner's constitutional and statutory rights, State and Federal, as enumerated below". Petitioner asserted ten specifications of alleged violations of his "rights". Exhibits "D", which we may assume petitioner had in mind as a second paragraph of his complaint, was entitled "Petition to Remove and Replace current Members of the Indiana Parole Board in the Department of Correction" and alleges "that the said Indiana Parole Board fails to conduct its business in accordance with the prescribed statutes, §§13-607 through 13-1616, Department of Correction Act of 1961". Petitioner apparently was not acquainted with the Supreme Court opinion in the case of *Leidy* v. *Board*

*of Correction* (1960), 241 Ind. 387, 172 N. E. 2d 580, relative to jurisdiction to issue writs as against the Board of Correction.

It is incumbent upon this court to determine its lack of jurisdiction even though that question has not been raised by either party. *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109; *Essington* v. *Bowman* (1919), 69 Ind. App. 184, 121 N. E. 548; *Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230; *Northern Ind. Pub. Serv. Co.* v. *Darling et al.* (1958), 128 Ind. App. 456, 149 N. E. 2d 702.

Among the alleged violations of his constitutional and statutory rights, petitioner cites Article 6, Clause 2 of the Constitution of the United States; also the Fifth, Sixth, Ninth and Fourteenth Amendments to the Constitution of the United States. In addition thereto he cites Article 1, §12, and Article 1, §18 of the Constitution of the State of Indiana.

Sec. 4-214, Burns' 1965 Cum. Supp., sets forth appealable cases in enumerated classes to be taken to the Supreme Court of Indiana, as follows:

Class First: "All cases in which there is in question, and such question is duly presented, ... the constitutionality of the statute, state or federal, or the rights guaranteed by the state or federal constitution."

Class Fourth: "Cases of mandate and prohibition . . . ."

Numerous cases hold that appeals in mandamus proceedings must be taken to the Supreme Court. *Funk* v. *State, ex rel.* (1906), 37 Ind. App. 231, 76 N. E. 635; *Templeton* v. *Board, etc.* (1909), 44 Ind. App. 381, 89 N. E. 410; *State, ex rel.,* v. *Troy* (1912), 49 Ind. App. 510, 97 N. E. 522.

There is an exception to the general rule that all appeals in appealable cases in mandamus proceedings must be taken to the Supreme Court. ■ That exception is, that the Appellate Court may issue a writ of mandate in aid of. its appellate jurisdiction. *State ex rel. Miller* v. *Gannon* (1947), 117 Ind.App. 677, 75 N. E. 2d 678.

Petitioner has not presented a proper appeal from the Marion Superior Court, General Term, as said cause was never permitted to be filed in said ■ Marion Superior Court. In the alternative, petitioner seeks a presentation of his case as an "original action on a verified petition for Writ of Mandate". This action for a Writ of Mandamus cannot prevail in this court, since any action that we may take could not be in aid of its appellate jurisdiction.

We, therefore, conclude that this court has no jurisdiction in this appeal or in an original action for a Writ of Mandamus.

We conclude, further, that this action has been erroneously filed in the Appellate Court of Indiana.

By virtue of §4-217, Burns' 1933, 1964 Replacement, *Spahr* v. *P & H. Supply Company* (1945), 223 Ind. 591, 63 N. E. 2d 425, and under Rule 2-41 of the Supreme Court of Indiana, this action is now transferred to the Supreme Court of Indiana.

NOTE.—Reported in 209 N. E. 2d 267.