Maurice Ingmire and Bruce Van Cauwenbergh *v.*
Cecil Butts and Donis Butts.

[No. 2-1172A111.  Filed June 27, 1974.]

*Arvin R. Foland,* of Noblesville, for appellants.

*Melvin A. Richards, Jr., David M. Adams, Castor, Richards
& Adams,* of Noblesville, for appellees.

## CASE SUMMARY

Buchanan, J.—Defendants-Appellants Maurice Ingmire
and Bruce Van Cauwenbergh (Lessees) seek to appeal from a
purported "judgment" entered by a master commissioner in
favor of Plaintiffs-Appellees Cecil Butts and Donis Butts

(Lessors) for damages and ejectment arising out of a lease of real estate, without a final judgment having been rendered by the trial court.

Because this appeal is premature, we suspend consideration of the case pursuant to AP. 4(E) and 15(M), and remand with instructions.

## FACTS

Because of the limited scope of our decision only these facts are pertinent:

On August 19, 1971, Lessors filed a complaint against Lessees in the Hamilton Circuit Court, seeking rent and damages resulting from certain alleged breaches by Lessees of a lease entered into between the parties on April 3, 1963.

On January 25, 1972, Lessors filed a second action against Lessees for immediate possession of the leased premises. Lessors posted bond and a writ of ejectment was issued. Execution of the writ was withheld by stipulation of the parties pending the outcome of trial.

The record shows that during this pretrial period all motions, pleadings and other proceedings were conducted before and ruled upon by the Hamilton Circuit Court Judge. However, on May 8, 1972, (the occasion being Lessees' filing of a petition for a restraining order) and thereafter, the name of John S. Pearce, the "Master Commissioner" of the court (the Commissioner), appears as the presiding court official.

On May 22, 1972, the two suits were consolidated for trial before the Commissioner without a jury. Evidence was presented intermittently for five days over a period covering approximately five weeks.

On July 7, 1972, the Commissioner rendered a "judgment" in favor of Lessors, awarding damages in the amount of $3,410.00 and directing that the writ of ejectment should be executed. Execution of the ejectment was stayed by him upon

the condition that Lessees pay the damages awarded within twenty-one days of the judgment.

Subsequently, the Commissioner overruled Lessees' motion to correct errors and again stayed execution of the writ pending appeal.

The record is silent as to the rendition of judgment by any judicial officer, including the Judge of the Hamilton Circuit Court, nor is there any indication of appointment of the Commissioner as Special Judge or Judge Pro-Tempore. The only post-judgment entry by the Circuit Court Judge is a certification of appointment of Pearce as "Master Commissioner", which reads:

"I, HON. EDWARD F. NEW, Jr. hereby Certify that John S. Pearce was the duly appointed and acting Master Commissioner of Hamilton Circuit Court at all times during the hearing of the evidence etc. of Cause No. C72-028."

"IN WITNESS WHEREOF I set my hand this 22nd day of November, 1972.

/S/   EDWARD NEW, JR.
EDWARD F. NEW, Jr., JUDGE
CIRCUIT COURT OF HAMILTON
COUNTY
STATE OF INDIANA"

Apparently the parties acquiesced throughout the proceedings to the Commissioner's assumption of a judicial role in the cause . . . as no objection was indicated by either party.

## ISSUE

Sua sponte we deem the only issue to be:

Should this court suspend consideration of this "appeal" because there is no judgment before us rendered by a judicial officer?

Neither party formulates an argument specifically addressed

to this issue.[1] However, this court's continuing duty to take notice of its lack of jurisdiction requires us to be cognizant of our limitations.[2]

## DECISION

CONCLUSION—It is our opinion that no "appeal" is before us because there was no "judgment" in the case by a judicial officer.

It is fundamental to appellate jurisdiction that, with certain exceptions not relevant here, an appeal may only be taken from a final judgment. Ind. Rules of Appellate Procedure, Rule AP. 4(A) as qualified by AP. 4(E); *Von Behren* v. *Von Behren* (1969), 252 Ind. 542, 251 N.E.2d 35; *Lake County Trust Co.* v. *Ind. Port Commission* (1967), 248 Ind. 362, 229 N.E.2d 457; *Schenkel* v. *Citizens State Bank* (1961), 140 Ind. App. 558, 224 N.E.2d 319.

And for a purported judgment to be appealable, it must be rendered in a judicial proceeding by one having judicial powers, and thus stand as an adjudication by a court. *Backer* v. *Eble* (1895), 144 Ind. 287, 43 N.E. 233; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N.E. 10; *Financial Aid Corp.* v. *Wallace* (1939), 216 Ind. 114, 23 N.E.2d 472.

So, our inquiry is to determine if the Commissioner had authority to act as a judicial officer. If he did not have such authority his purported "judgment" in this case would be no judgment at all . . . a nullity from which no appeal would lie.

1. Curiously, it is the Lessees (i.e., the Appellants) who come closest to presenting this question by arguing (for the first time on appeal) that Pearce as Master Commissioner did not have the authority as Special Judge or Judge Pro-Tempore to decide the case.

2. *Keller* v. *Reynard* (1967), 140 Ind. App. 468, 223 N.E.2d 774; *Board of Trustees of the Police Pension Fund of the City of Terre Haute* v. *State ex rel. Russell* (1965), 137 Ind. App. 640, 210 N.E.2d 696; *State ex rel. O'Riordan* v. *State Department of Corrections* (1965), 137 Ind. App. 634, 209 N.E.2d 267; *Brown* v. *Harding* (1965), 136 Ind. App. 678, 204 N.E.2d 680; *Davidson* v. *Review Board of the Indiana Employment Security Division* (1963), 134 Ind. App. 313, 187 N.E.2d 586; *Thompson* v. *A. J. Thompson Stone Co.* (1924), 81 Ind. App. 442, 144 N.E. 150.

As the court said in *Backer* v. *Eble, supra,* in deciding that an appeal would not lie from a purported judgment rendered in vacation:

> "The thing called a judgment here does not purport to be the judgment of a court. The most that can be said of it is that it is a special finding on which no judgment has been rendered by the court."

When the Commissioner rendered his "judgment", his powers as a master commissioner were defined by Indiana Rules of Procedure, Rule TR. 53, and by IC 1971, § 34-1-25-1, *et seq.,* Ind. Ann. Stat. § 4-7201, *et seq.* (Burns Code Ed.), a statute of questionable validity.[3] Both, however, are silent as to the authority of a master commissioner to enter judgment as a judicial officer. To the contrary, both the statute and the rule limit a master commissioner to hearing the evidence and preparing a *report* for transmission to the clerk and the trial court. IC 1971, § 34-1-25-3, Ind. Ann. Stat. § 4-7207 (Burns Code Ed.); Rule TR. 53 (E) (1) and (2).

Existing Indiana case law unequivocally denies a master commissioner, as such, the power to enter a judgment. *Shoultz* v. *McPheeters* (1881), 79 Ind. 373, invalidated a statute which purported to confer certain judicial powers upon master commissioners. The court skillfully analyzed the office of master commissioner:

> *"A master commissioner is not a court, and judicial duties which courts only can exercise, can not be conferred upon him.* This seems so plain upon principle that the support of authority is not needed. But authorities are not wanting. * * * In *Flournoy* v. *The City of Jeffersonville,* 17 Ind. 169, it was said: 'Judicial acts, within the meaning of the Constitution of Indiana, are such as are performed in the exercise of judicial power. But *the judicial power of this State is vested in courts. A judicial act, then, must be an act performed by a court,* touching the rights of parties, or property, brought before it by voluntary appearance, or by

3. This statute was amended by Acts 1969, ch. 433, (effective March 15, 1969). However, the Legislature had previously passed Acts 1969, ch. 191, specifically repealing the statute, effective on January 1, 1970, after the amendments had taken effect.

the prior action of ministerial officers, in short, by ministerial acts. * * *

"*The power to hear causes and report facts* or conclusions to the court for its judgment *is not judicial* within the meaning of the Constitution. In *Underwood* v. *McDuffee,* 15 Mich. 361, this subject received a careful investigation, and it was there said: 'No action which is merely preparatory to an order or a judgment to be rendered by some different body, can be properly termed judicial. *A master or chancery often has occasion to consider questions of law and of fact, but no one ever supposed him to possess judicial power. . . . It is the inherent authority not only to decide, but to make binding orders or judgments, which constitutes judicial power;* and the instrumentalities used to inform the tribunal, whether left to its own choice or fixed by law, are merely auxiliary to that power, and operate on persons or things only through its action, and by virtue of it.' " (Emphasis supplied), 79 Ind. at 376-378.

*See also, Cunningham* v. *Cunningham* (1884), 94 Ind. 557; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253; *Moore-Mansfield Construction Co.* v. *Marion, Bluffton & Eastern Traction Co.* (1913), 52 Ind. App. 548, 101 N.E. 15.

The ancient and venerable rule that "the judicature only belongs to the judges" harks back to the days of Coke:

"Those who are chosen by the people to sit as judges must themselves discharge all the judicial duties of their offices. The trust is imposed upon them, and they can not share their judicial duties with any person . . . *and this right the judges can not surrender,* if they would, without a flagrant breach of a sworn duty. The trust is a personal one, inalienably invested in the persons selected by the people, and it can not be delegated by the judges themselves nor by any one else for them. *'It is only the appointed judge,'* says Chief Justice RYAN, *'who can speak the authoritative word of the law.' Van Slyke* v. *Trempealeau, etc.,* 39 Wis. 390. But centuries before, and at a time when the king was the fountain of judicial power theoretically and sat in the courts of law and equity, Sir Edward Coke even more emphatically stated the rule. Said *that 'gladsome light' of jurisprudence, 'the judicature only belongeth to the judges.' "* (Emphasis supplied) *State ex rel. Hovey* v. *Noble* (1888), 118 Ind. 350 at 363, 21 N.E. 244.

So, wittingly or unwittingly, the Commissioner sought to bathe in the "gladsome light of jurisprudence" which "only

belongeth to the judges." Not having judicial power to enter a judgment, his decision was a nullity from which an appeal cannot lie. *Shoultz* v. *McPheeters, supra; Backer* v. *Eble, supra.*

It should be stressed that the Commissioner did *not* assume to act as a de facto judge under any color of judicial authority . . . as by appointment as Special Judge or Judge Pro-Tempore. Had this been true, his "judgment" might have been afforded different treatment, given the acquiescence of the parties to his actions. See: *Feaster* v. *Woodfill* (1864), 23 Ind. 493; *Rogers* v. *Beauchamp* (1884), 102 Ind. 33, 1 N.E. 185; *Cargar* v. *Fee* (1889), 119 Ind. 536, 21 N.E. 1080; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N.E. 405; *Moerecke* v. *Branyan* (1915), 183 Ind. 591, 108 N.E. 948; *Trinity Universal Insurance Co.* v. *Town of Speedway* (1965), 137 Ind. App. 510, 210 N.E.2d 95. There is no hint in the record that the Commissioner acted from beginning to end in these proceedings in any capacity other than as a "Master Commissioner".

As there is no judgment[4] in this case, any so-called appeal is premature and could be dismissed on that grounds. However, Rule AP. 4(E) affords this court a desirable alternative:

> "Dismissal of Appeal. No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the *appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues,* or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below." (Emphasis supplied.)

Suspending consideration rather than dismissal of an "appeal"

---

4. By stating the legal effect of the Commissioner's decision in terms of "no judgment" rather than "void judgment", we adhere to the distinction drawn by the court in *Backer* v. *Eble, supra,* recognizing appeals from void judgments for the purpose of setting them aside, and a purported "judgment" which is a nullity because not rendered as a judicial act of a court. Said the court in *Backer:*

"*It is true this court has often held that an appeal will lie from a void judgment. But this case does not fall within the purview of those decisions.*" (emphasis supplied) 144 Ind. at 289, 43 N.E. at 234.

under these circumstances also has precedent. In *Montgomery v. Board of Zoning Appeals of Lake County* (1963), 244 Ind. 117, 191 N.E.2d 317 (decided under Supreme Court Rule 2-3, from which Rule AP. 4(E) is patterned), the Court suspended further consideration of the case so that there might ultimately be a decision on the merits:

> "However, we believe that under circumstances where the record in the trial court does not disclose the entry of a final judgment but neither party has raised any question as to this defect in the record, *our courts of appeal, rather than sua sponte raising this technical defect and dismissing the case for that reason, should, under ordinary circumstances, in order to decide cases on the merits whenever reasonably possible, suspend further consideration of the case until such time as a final judgment is formally entered, certified to and incorporated as a part of the record.* Such procedure is here recommended." (Emphasis supplied) 244 Ind. at 120-121, 191 N.E. 2d at 319. *See also, Schenkel v. Citizens State Bank, supra.*

Accordingly, we suspend consideration of this case and instruct the Hamilton County Circuit Court to order the filing of a Master Commissioner's Report by the Commissioner and to enter final judgment in accordance with the provisions of Rule TR. 53 (following which, an aggrieved party may appeal in the usual manner),[5] and for such further proceedings as may be consistent with this opinion.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 312 N.E.2d 885.