Charles E. EAKINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–485A101.

Court of Appeals of Indiana,
First District.

Sept. 24, 1985.

John D. Clouse, Michael C. Keating and Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Charles Eakins (Eakins) seeks to appeal from a purported judgment entered by a referee judge of the Vanderburgh Superior Court, Misdemeanor-Traffic Division.

Because this appeal is premature, we suspend consideration pursuant to A.P. 4(E) and remand with instructions.

The facts pertinent to our limited decision are as follows. On August 29, 1984, a six count information against Eakins was filed with the clerk of the Vanderburgh Superior Court, Misdemeanor-Traffic Division. The information charged Eakins with telephone harassment and battery. On October 29, 1984, and November 5, 1984, trial was held before the court without a jury. The court found Eakins guilty of the offenses charged.

The record shows the name of Michelle A. Link, "Referee Judge", as the presiding court official. There is no indication that the Referee was appointed as Special Judge or Judge Pro-Tempore. Apparently, the parties acquiesced throughout the proceedings to the Referee's assumption of a judicial role in the cause. The record is silent as to the rendition of judgment by any judicial officer.

*Sua sponte*, we deem the only issue to be whether this court should consider Eakins' appeal where there is no judgment before us rendered by a judicial officer. Neither party formulates an argument specifically addressed to this issue.[1] We raise the issue in recognition of the continuing duty to take notice of a lack of appellate jurisdiction.

Our initial inquiry is whether the referee judge had authority to act as a judicial officer. If the referee had no such authori-

ty, her judgment in this case would be a nullity from which no appeal would lie. *Ingmire v. Butts*, (1974) 160 Ind.App. 575, 578, 312 N.E.2d 885, 888.

[1] A referee, like a master commissioner, is not a court. Judicial duties which only courts can exercise may not be conferred upon a referee. *See Schoultz v. McPheeters*, (1881) 79 Ind. 373, 376. A referee can act as an instrumentality to inform and assist the court by conducting hearings and reporting facts or conclusions to the court. *See* Ind.Rules of Procedure, Trial Rule 53(C) (defining powers of a "master", which term includes a referee); *cf.* IND.CODE § 33–4–1–82.2 (listing powers of master commissioner in Vanderburgh Circuit Court). However, only the court has the inherent authority to make binding orders or judgments. *State ex rel. Smith v. Starke Circuit Court*, (1981) 275 Ind. 483, 494, 417 N.E.2d 1115, 1121.

 Not having judicial power to enter a judgment, the referee's decision was a nullity from which an appeal will not lie. *See Ingmire v. Butts, supra*. Accordingly, we suspend consideration of the appeal and remand with instructions to enter final judgment as provided for by T.R. 53 and for any other proceedings as may be necessary.

Remanded with instructions.

RATLIFF, P.J., and NEAL, J., concur.

---

1. Eakins does seek reversal by reason of the Referee's role in the proceedings. However, to support his position, he has cited cases holding that subject matter jurisdiction may be raised as an issue for the first time on appeal. "[T]he qualifications of a judge and his authority to act in a given case are not determinative of subject matter jurisdiction." *Gordy v. State*, (1974) 262 Ind. 275, 282, 315 N.E.2d 362, 366.