**Fairfax Henry GREEN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45A04–8811–PC–00372.

Court of Appeals of Indiana, Fourth District.

June 29, 1989.

Rehearing Denied Sept. 5, 1989.

Fairfax Henry Green, Westville, pro se.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Statement of Case

Appellant, Fairfax Henry Green, appeals the denial of a petition for post-conviction relief to vacate his conviction for Burglary, a class B felony. Remanded to the post-conviction court.

### Issues

Green raises five issues on appeal; however, because we remand we need only discuss one: whether this court should consider Green's appeal where there is no judgment before us rendered by a judicial officer.

### Facts

On February 23, 1981, Green was charged with Burglary. Green entered a plea of not guilty on March 5, 1981. A jury trial was held January 14, 1982, and Green was found guilty. On February 16, 1982, the trial court sentenced Green to a 14–year sentenced to be served consecutively to a federal sentence imposed for parole violation. Green's conviction was affirmed by the Indiana Supreme Court on July 14, 1983 in *Green v. State* (1983), Ind., 451 N.E.2d 41. On October 22, 1986, Green filed a Pro Se Petition for Post–Conviction Relief which was denied on June 17, 1988. The record shows that T. Edward Page, Court Commissioner presided at the post-conviction hearing and entered Judgment. Both parties acquiesced to Page's assumption of the judicial role.

### Discussion and Decision

Green argues that Page, as Court Commissioner, had no authority to act as a judicial officer because he was never properly appointed judge. We agree.

█ A Court Commissioner, like a referee or a master commissioner, cannot act with the authority of an elected judge. *See State v. Starke Circuit Court* (1981), 275 Ind. 483, 417 N.E.2d 1115. Judicial duties, which only courts can exercise, may not be conferred upon a commissioner. *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157, 1158. A Commissioner can act as an instrumentality to inform and assist the court by conducting hearings and reporting facts or conclusions to the court. Ind.

Rules of Procedure, Trial Rule 53(C). However, only a judge has the inherent authority to make binding orders or judgments. *Starke*, 275 Ind. 483, 494, 417 N.E. 2d 1115, 1121. *Eakins* at 1158.

■ The Findings of Fact and Conclusions of Law, which includes the judgment, indicates that Page was acting as judge pro tempore. The appointment of a judge pro tempore is governed by Ind.Rules of Procedure, Trial Rule 63 which reads in part:

(E) Judge Pro Tempore When Judge is Unable to Attend. A judge who is unable to attend and preside at his court for any cause may appoint *in writing* a judge pro tempore to conduct the business of this court during his absence. The *written appointment shall be entered in the records* of the court. When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces. (Emphasis supplied)

Here, there is no indication that the trial court complied with the mandates of Trial Rule 63. The record of the proceedings have been certified as being complete by the clerk of the trial court, and there is no entry appointing Page as judge pro tempore. We note that the words "judge pro tempore" followed Page's name on the Findings of Fact and Conclusions of Law; however, the title alone does not constitute an appointment.[1]

Because Page did not have judicial power to enter a judgment, his judgment in this case would be a nullity from which no appeal would lie. *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157, 1158 *citing, Ingmire v. Butts* (1974), 160 Ind.App. 575, 578, 312 N.E.2d 885, 888. Accordingly, we suspend consideration of the appeal and remand with instructions to enter final judgment as provided for by Trial Rule 53. Remanded with instructions.

MILLER and GARRARD, JJ., concur.

---

1. State relies on *Rodgers v. Rodgers* (1987), Ind. App., 503 N.E.2d 1255 to argue that Green waived his right to question Page's assumption of judicial authority because Green failed to make an objection at the post-conviction hearing. However, the facts of *Rodgers* are easily distinguished. There, we held that the petitioner waived his right to challenge the appointment of the master commissioner as judge pro tempore by failing to make a contemporaneous objection. *Id.* at 1257. In *Rodgers,* there was an attempt to give the Master Commissioner judicial power by appointing him judge pro tempore. Because the regular judge was not absent from the court at the time in question, the appointment failed because it did not comply with Trial Rule 63.