Jeril BREAZIEL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9003–CR–135.[1]

Court of Appeals of Indiana,
First District.

March 27, 1991.

Monica Foster, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

1. This case was reassigned to this office on

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Jeril Breaziel appeals the revocation of his probation. Because no valid judgment has been entered in the trial court, we remand for further proceedings.

## ISSUE

The issue before us is whether or not the trial court followed proper procedures in attempting to revoke Breaziel's probation. We hold it did not.

## FACTS

On November 30, 1988, pursuant to Breaziel's plea of guilty to the charge of burglary, a class B felony, he was sentenced to the Indiana Department of Corrections for a term of six (6) years. His sentence was suspended and Breaziel was placed upon probation for a period of two (2) years upon terms of probation specified in the sentencing order. On May 8, 1989, the State filed a petition for revocation of probation alleging Breaziel had been arrested on April 6, 1989, and on April 13, 1989, and that he had failed to report to his probation officer as required, and that he had been terminated from a substance abuse program for non-attendance.

A hearing was held on the petition on July 18, 1989, before the Hon. Craig O. Wellnitz, Master Commissioner of the Marion County Superior Court, Criminal Division No. 3, who found Breaziel to be in violation of his probation and purported to revoke his probation and issue a commitment requiring him to serve the sentence. The purported judgment did not contain a statement of the reasons and evidence relied upon, nor was there any order or judgment entered or signed by the judge of the court.

## DISCUSSION AND DECISION

First, we observe that there is no appealable judgment because no valid judgment of revocation of probation has been

January 8, 1991.

entered in this case. It is clear from the statutes pertaining to Master Commissioners in the Marion County Superior Courts that such master commissioners may hear evidence and report their findings to the court, but that any judgments or final orders must be entered by the judge. IND. CODE §§ 33-5-35.1-8(f); 33-4-7-4; 33-4-7-8. A commissioner acts as an instrumentality to inform and assist the court; only the court has authority to make final orders or judgments. *Creedon v. Asher Truck & Trailer, Inc.* (1989), Ind.App., 535 N.E.2d 148. The decision of a commissioner is a nullity from which no appeal can be taken. *Id.; Eakins v. State* (1985), Ind. App., 482 N.E.2d 1157.

There being no valid judgment revoking Breaziel's probation, we must remand for further proceedings consistent with this opinion.

■ For the guidance of the trial court upon remand, we call that court's attention to *Jaynes v. State* (1982), Ind.App., 434 N.E.2d 923, where we held that due process requires the court to state its reasons and the evidence relied upon when revoking probation. As in *Jaynes*, we do not consider the failure to so state the reasons and evidence relied upon to be reversible error, but only to require a remand for such a statement.

Therefore, we remand this matter for such further proceedings as required by this opinion. We do not retain jurisdiction.

BUCHANAN and MILLER, JJ., concur.