**John SCHWINDT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9008–CR–460 [1].**

Court of Appeals of Indiana,
Second District.

July 23, 1992.

Kevin McShane, Van Treese, Robertson, Walters & McShane, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

We are compelled to dismiss the purported appeal before us. There is no final appealable judgment in the matter.

■ The case was tried on April 9 and 10, 1990, before Mr. Jay B. Haggerty as Master Commissioner. Record at 168. The final instructions to the jury were

---

**1.** This case was assigned to this office July 7, 1992.

signed by Jay B. Haggerty as "Judge." Record at 148. The Abstract of Judgment was signed May 10, 1990, by Jay B. Haggerty as "committing judge." Record at 163.[2] That the certification of the record signed by Jay B. Haggerty purports to reflect that he did so as "Special Judge" (Record at 556) cannot alter the fact that he was not Special Judge at the time of the trial, judgment or sentence.

■ It is clear that Rule 13 of the Indiana Rules of Criminal Procedure is the exclusive method by which a special judge may be appointed and qualified to preside over a case in litigation. *Skipper v. State* (1988) Ind., 525 N.E.2d 334. It is equally clear that there was no special judge appointment or qualification made in this case. Our case, therefore, does not involve a merely irregular or defective appointment as was the situation in *Skipper*, which held that the defect may be waived.

It is also clear that a special judge "is appointed to act in a particular case, and his authority continues until the case is finally disposed of, unless the venue is changed." *Kimball v. State* (1985) Ind., 474 N.E.2d 982, 986. If Mr. Haggerty were the duly appointed and qualified special judge in this matter, Judge Tranberg would have had no authority to enter orders or make rulings in the case. It cannot be presumed that Judge Tranberg, the regular judge, was either unaware of the applicable law, or chose to ignore it when, for example, he signed an order on April 27, 1990, authorizing a psychological evaluation of Schwindt. This order was entered after trial and verdict, but before sentencing. It is apparant, therefore, that Mr. Haggerty was not a special judge in this matter.

It is apparent, also, that Mr. Haggerty did not act as judge pro tem on the dates of trial, judgment, sentencing and upon the numerous other occasions when he made rulings and orders. No suggestion is made to the contrary.

Finally, it is without question that Jay B. Haggerty was, at no time during the course of this case, the regular judge of the court.

■ The posture of the case before us, i.e., that Mr. Haggerty acted only in the capacity of a Master Commissioner, requires that we honor the clear and unmistakable dictate of our Supreme Court in *State ex rel. Smith v. Starke Circuit Court* (1981) 275 Ind. 483, 417 N.E.2d 1115. In *Landers v. State* (1991) 2d Dist.Ind. App., 577 N.E.2d 990, we held that under the *Starke Circuit Court* decision, there had been no judgment entered in the case and that the purported appeal was therefore premature.

Recently, in *Woodfork v. State* (1992) 2d Dist.Ind.App., 594 N.E.2d 468, this court permitted a deviation from the dismissal requirement inherent in the *Starke Circuit Court* holding. The case before us, however, is to be distinguished from *Woodfork, supra.*

■ In *Woodfork*, an order was improvidently entered and signed by the Chief Judge which authorized the regular judge of the court to "cure" the absence of an appealable judgment by subsequent validation of the Master Commissioner's findings or recommendations. Such an ex post facto act could not suffice in the case before us as a valid nunc pro tunc order because there is, and was, no written memoranda, note or other memorial of record which demonstrates that Jay B. Haggerty

---

**2.** It would appear that although Judge Tranberg may have conducted the sentencing hearing the Abstract of Judgment, signed only by Jay B. Haggerty does not comport with I.C. 33–4–7–8 (West Supp.1991) which states that:

"The court shall enter the final order. In a criminal case, the court shall conduct the sentencing hearing."

The word "court" does not include a magistrate or commissioner. See *Breaziel v. State* (1991) 1st Dist.Ind.App., 568 N.E.2d 1072. The statute permits only the regular judge, a judge pro tem or a special judge to enter a final appealable order or judgment. I.C. 33–4–7–7. The statutory scheme therefore indicates that although the commissioner may conduct an evidentiary trial, the sentencing hearing, the imposition of sentence and the execution of the Abstract of Judgment must be done only by the regular judge or by a duly appointed judge pro tem or a special judge.

served in a capacity other than as Master Commissioner. *See Hutchinson v. State* (1983) Ind., 452 N.E.2d 955. Here, a nunc pro tunc entry could not validate the acts of the Master Commissioner because a nunc pro tunc entry may be made only so that the record will reflect that which was "actually previously done," *Stowers v. State* (1977) 266 Ind. 403, 363 N.E.2d 978 (quoting *Perkins v. Hayward* (1892) 132 Ind. 95, 31 N.E. 670, or "when a simple correction of a clerical error in the record is sought." *Stowers, supra,* 363 N.E.2d at 983.

The "curative" entry in *Woodfork* created an anomalous circumstance. The "judgment" of the trial court in *Woodfork* was entered on March 19, 1992. There was no praecipe filed subsequent to that entry. The record of proceedings was not filed subsequent to that entry and the briefs were not filed after that entry.

If it be considered that the sequential chronology of judgment, praecipe, record and briefing is no more than an inconsequential procedural nicety, such determination must come from our Supreme Court and must be accompanied by substantial modification of the Indiana Rules of Appellate Procedure, Rules 2(A), 3(B), and 8.1(A).

■ At a minimum, in situations in which the regular judge seeks to salvage a purported appeal before it has been dismissed by the Court of Appeals or the Supreme Court, there should be a request by the parties to refile the praecipe, record and briefs subsequent to entry of the salvaging order by the trial court but within the appropriate time periods set forth in the Rules of Appellate Procedure.

This purported appeal is dismissed and appellant Schwindt is ordered released from the custody of the Department of Correction and returned to the custody of the Marion County Sheriff.

SHIELDS, J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting.

I respectfully dissent to the dismissal of this appeal.

The record reflects that Jay Haggerty heard this case as Master Commissioner, but at different parts of the record he appears as "Judge," "Committing Judge," and "Special Judge." So it is uncertain whether the judgment was entered by a duly authorized judicial officer. *Record* at 149, 163, 168.

This court has, on numerous occasions, suspended consideration of an appeal taken from a Master Commissioner's ruling and ordered the judge of the trial court to enter final judgment on the case. *See Woodfork v. State* (1992), Ind.App., 594 N.E.2d 468; *Green v. State* (1989), Ind.App., 540 N.E.2d 130; *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157; *Ingmire v. Butts* (1974), 160 Ind.App. 575, 312 N.E.2d 885.

In the interest of judicial economy and the avoidance of unnecessary expense, this case should be remanded to the trial court with instructions that an appealable final judgment be entered so that this appeal may proceed without having to be commenced over again.