Artemio RIVERA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9107–CR–286.

Court of Appeals of Indiana,
Second District.

Oct. 28, 1992.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BUCHANAN, Judge.

## CASE SUMMARY

There is no final appealable judgment in this case, and we are compelled to dismiss this purported appeal.

## FACTS

The case chronology contained in the record purports to be complete from May 4, 1990, the date upon which Artemio Rivera (Rivera) was charged with child molesting,[1] a class B felony, to and including March 18, 1991, the date upon which John R. Barney, Jr., the regular judge of the court, granted leave to Rivera to file a belated praecipe. The case chronology contains no appointment or suggestion of appointment of Craig O. Wellnitz (Wellnitz) as special judge or judge pro tem in the matter.

To the contrary, the record reflects that Wellnitz only served as master commissioner in this case. While the court reporter prior to the commencement of the proceedings on December 6, 1990, referred to Wellnitz in the caption as "SPECIAL JUDGE" (*record* at 253), it is apparent that such designation was in error.

The final instructions given to the jury on December 6 were signed by Wellnitz as "Judge, Marion Superior Court Criminal Division, Room No. 3." *Record* at 60. It is clear that Judge Barney, and not Wellnitz, was the regular judge of the court on that date. On January 8, 1991, the sentencing hearing was conducted and sentence was imposed by "Craig O. Wellnitz, Master Commissioner." *Record* at 579, 596. On January 31, 1991, the order appointing pauper appellate counsel was

---

1. Ind.Code 35–42–4–3.

signed by Craig O. Wellnitz as "Judge/Master Commissioner[,] Room No. *3.*" *Record* at 69. The record also demonstrates that the sentencing hearing conducted January 8, 1991, was certified by Judge Barney, the regular judge, and not by Wellnitz who conducted the hearing and imposed the sentence.

*ISSUE*—We raise one issue, sua sponte: Whether there is a final appealable judgment before us?

*CONCLUSION*—Because Wellnitz was acting in his capacity as a master commissioner, we must dismiss this appeal.

■ We are unable to address the issues Rivera presents on appeal because the record reveals that Wellnitz presided throughout the proceedings without submitting his recommendations to Judge Barney, the regular judge of the court, for his signature on an abstract of the judgment. *See State ex rel. Smith v. Starke Circuit Court* (1981), 275 Ind. 483, 417 N.E.2d 1115; *Schwindt v. State* (1992), Ind.App., 596 N.E.2d 936, (Buchanan J. dissenting); *Landers v. State* (1991), Ind.App., 577 N.E.2d 990.

A split of authority exists among the districts of this court regarding the disposition of an appeal in which no final judgment has been entered. In some instances, we have merely *suspended* consideration of an appeal taken from a Master Commissioner's ruling pending the regular judge's entry of a final judgment. *See Woodfork v. State* (1992), Ind.App., 594 N.E.2d 468; *Green v. State* (1989), Ind.App., 540 N.E.2d 130; *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157. In other cases, this court has dismissed the appeal as premature. *See Schwindt, supra; Landers, supra.*

Ind.Code 33–4–7–7 (1989) provides that:

"A magistrate:

(1) does not have the power of judicial mandate; and

(2) *may not enter a final appealable order unless sitting as a judge pro tempore or a special judge.*"

(Emphasis supplied). A companion statute, IC 33–4–7–8 (1989), dictates that:

"A magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. *The court shall enter the final order.* In a criminal case, the court shall conduct the sentencing hearing."

(Emphasis supplied).

■ Echoing the spirit of the above provisions, this court has determined that a commissioner acts as an instrumentality to inform and assist the court; only the court has authority to make final orders or judgments, and the decision of a commissioner is a nullity from which no appeal can be taken. *Breaziel v. State* (1991), Ind.App., 568 N.E.2d 1072; *Creedon v. Asher Truck & Trailer, Inc.* (1989), Ind.App., 535 N.E.2d 148; *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157.

Our conclusion is also strengthened by the case of *Ingmire v. Butts* (1974), 160 Ind.App. 575, 312 N.E.2d 885, *trans. denied,* which clearly holds that a master commissioner lacks the authority to enter a judgment. In *Ingmire,* this court observed that:

" '*A master commissioner is not a court, and judicial duties which courts only can exercise, can not be conferred upon him. ... [T]he judicial power of this State is vested in courts. A judicial act, then, must be an act performed by a court,* touching the rights of parties, or property, brought before it by voluntary appearance, or by the prior action of ministerial officers, in short, by ministerial acts.' "

*Id.* at 579–80, 312 N.E.2d at 888, quoting *Shoultz v. McPheeters* (1881), 79 Ind. 373, 376–77. (Emphasis in original). *See also* Ind.Rules of Procedure, Trial Rule 53(E)(1), (2), and (3).[2] Although judicial economy

---

**2.** The current versions of T.R. 53(E)(1), (2), and (3) are identical with those that were in effect at the time of *Ingmire* which prevent a master commissioner from entering judgment. These rules provide in relevant part that:

"The master shall *prepare a report* upon the matters submitted to him by the order of reference...."

T.R. 53(E)(1). (Emphasis supplied).

and the avoidance of additional unnecessary expense that will be incurred in the refiling of an appeal are vital concerns, the statutes quoted above make it clear that appeals filed in this court containing judgments purportedly entered by master commissioners are not final and are not properly before us. It seems there has been an increasing number of such cases.

The record before us reflects that Judge Barney, as the regular judge, did not execute an abstract of the judgment in this case, or duly appoint Wellnitz as special judge or judge pro tem. As our supreme court determined in *State ex rel. Hovey v. Noble* (1888), 118 Ind. 350, 363, 21 N.E. 244, 249, "[s]aid *that 'gladsome light' of jurisprudence, the 'judicature only belongeth to the judges.'"* See also *Ingmire, supra* at 580, 312 N.E.2d at 889 (emphasis in original).

Wittingly or unwittingly, Commissioner Wellnitz exercised a right which "only belongeth to the judges." No valid final judgment has been entered, so we are therefore compelled to dismiss the appeal as premature, and Rivera is ordered released from the custody of the Department of Correction and returned to the custody of the Marion County Sheriff.

SULLIVAN, J., concurs.

STATON, J., concurs in result.

---

"In an action to be tried without a jury *the court shall accept the master's decision or his findings of fact* unless clearly erroneous...."
T.R. 53(E)(2). (Emphasis supplied).
"In an action to be tried by a jury the master shall not be directed to report the evidence. His findings upon the issues submitted to him are admissible as evidence of the matters found and may be read to the jury, *subject to*

*the ruling of the court upon any objections in point of law which may be made to the report."*
T.R. 53(E)(3). (Emphasis supplied).
The above rules and IC 33–4–7–7 and –8 quoted above are consistent inasmuch as only a court has the authority to enter a final judgment.