**H. Stanley BEACH, Appellant–Respondent,**

v.

**Rose BEACH, Appellee–Petitioner.**

**No. 49A02–9206–CV–276.**

Court of Appeals of Indiana,
Second District.

Dec. 15, 1992.

⬅3

Murray J. Feiwell, Lisa Kay Decker, Feiwell & Associates, Indianapolis, for appellant-respondent.

Franklin I. Miroff, Monty K. Woolsey, Miroff, Cross & Ruppert, Indianapolis, for appellee-petitioner.

SULLIVAN, Judge.

On February 5, 1992, a hearing was held in the Marion Superior Court of Marion County, concerning jurisdictional and substantive questions arising from an Illinois judgment of dissolution of marriage and a subsequent modification by agreed entry. According to the record filed in the instant case, the proceedings were purportedly conducted before the Honorable Raja M. Salaymeh, Temporary Judge. It appears that at all relevant times, Raja M. Salaymeh was not the regular judge of Marion County Superior Court. The record does not reflect that an appointment to serve in the capacity of temporary judge was authorized in writing by the regular judge of the court, as required by I.C. 33–13–16–1 (Burns Code Ed.1992), before the temporary judge discharged the appointed duties.

■ We note that a record entry, entitled *Order Appointing Temporary Judge*, contains a purported appointment made by the regular judge. It reads as follows:

STATE OF INDIANA )
) SS:
COUNTY OF MARION )

ORDER APPOINTING TEMPORARY JUDGE

I, Cynthia J. Ayers, Judge in the Marion Superior Court, Civil Division, Room IV duly appointed RAJA SALAYMEH to hear evidence taken on February 5, 1992 in this matter including both the questions and answers, all rulings in respect to the admission and rejection of evidence offered or admitted in said Cause No. 49D04-9111-DR-2094 entitled ROSE BEACH, Petitioner, and H. STANLEY BEACH, Respondent; and, the same is now examined, approved and ordered filed and made a part of the transcript of the record in this cause.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____, 1992.

_____
CYNTHIA J. AYERS, JUDGE
MARION SUPERIOR COURT,
CIVIL DIVISION, ROOM IV

---

Record at 187. The purported order neither bears a date indicating when the appointment would have become effective nor bears a file stamp indicating when it had become a part of the record in the instant proceedings. The order merely states that Judge Ayers "appointed" Salaymeh as temporary judge.[1] It appears from the face of this order that the temporary judge had not received the proper authorization to preside over the February 5th hearing upon the relevant issues at the time of the hearing. In the instant case, the order is nothing more than an *ex post facto* statement that a temporary judge had been appointed and that the temporary judge had heard evidence on February 5, 1992.

Many day-to-day operations of the judicial process, including the decision to appropriately utilize temporary judges, are entrusted to the sound discretion of circuit, superior, or county court judges. Contrary to the practice in this case, however, the criteria and the procedure for the appointment of such judges are *non-discretionary*. *See* I.C. 33–13–16–1(a). The applicable statutes which establish the manner in which appointments are to be made are neither empty rhetoric nor purposeless ceremony. The integrity of the actions, orders, and judgments rendered by the courts is preserved through compliance with the pertinent provisions concerning auxiliary judges.

1. The Order attempts to integrate the purported temporary judge's appointment with Judge Ayers's examination, approval, and record inclusion of the order filed by the temporary judge as a result of the February 5th hearing. Although such judicial action is required when a master commissioner conducts a hearing, *Schwindt v. State* (1992) 2d Dist. Ind.App., 596 N.E.2d 936, no such action is required in the instant case. A temporary judge may make the final judgment in a civil case which has been referred to him or her by the regular judge of the court. I.C. 33–13–16–3 (Burns Code Ed.1992). *Cf.* I.C. 33–4–7–8 (Burns Code Ed.1992) (the court shall enter the final order based upon the magistrate's report of the findings in an evidentiary hearing).

The courts, as well as the litigants who seek redress therein, are necessarily bound by the formalities of time, manner, and place. A regular judge who permits a temporary judge to proceed with the disposition of a case without first conferring the requisite procedural powers performs an exercise in futility which can only lead, as it has in the instant case, to the potential nullification of the proceedings below and the jeopardization of the case upon appeal.

The retroactive application of the instant order is, as we have recently stated, an ineffective method in which to vest the powers necessary to discharge the duties of temporary, pro tem, or special judges. *See Walls v. State* (1992), 2d Dist. Ind. App., 603 N.E.2d 903 (purportedly retroactive nunc pro tunc order ineffective means to secure appellate review). In the instant case, the purported order appointing a temporary judge can fare no better. The present record before us is devoid of an appealable final order of judgment.

The purported appeal is hereby dismissed. *See State ex rel. Smith v. Starke Circuit Court* (1981) 275 Ind. 483, 417 N.E.2d 1115; *Schwindt v. State* (1992) 2d Dist. Ind.App., 596 N.E.2d 936; Ind.Trial Rule 53(E)(2).

SHIELDS and HOFFMAN, JJ., concur.