FITZGERALD *v.* MERCHANTS NATIONAL BANK ET AL.

[No. 10,153. Filed January 15, 1920.]

APPEAL.—*Judgments Appealable.—Sustaining Motion to Dismiss.*— Where the record shows that the trial court sustained defendant's motion to dismiss the cause for want of prosecution, and the striking from the files of plaintiff's motion for a change of venue, but there was no entry of an order of dismissal, or the rendition of a judgment of any kind, an appeal will not lie.

From Marion Superior Court (99,721); *John J. Rochford,* Judge.

Action by Mary B. Fitzgerald against the Merchants National Bank and another. From rulings adverse to plaintiff, she appeals. *Appeal dismissed.*

*Franklin McCray* and *Frank Fitzgerald,* for appellant.

*Charles A. Dryer,* for appellees.

BATMAN, J.—This is an action by appellant against appellees to recover damages for the alleged conversion of a check. A motion made by appellees to require the complaint to be made more specific was sustained. Thereafter appellant filed two successive amended complaints, each of which was stricken out on motion of appellees for the reason that they did not comply with the order to make the complaint more specific. After these rulings of the court, there

was still pending a motion made by appellees to dismiss the cause for want of prosecution, and the record discloses the following further proceedings: "And the court having examined defendant's motion to dismiss for want of prosecution, and being duly advised in the premises now sustains the same to which ruling of the court plaintiff at the time objects and excepts. And afterwards on the 18th day of June, 1917, * * * the following proceedings were had herein, viz.: Comes now the plaintiff and files a motion for a change of. venue as follows: (Here follows an affidavit for a change of venue from the county). And afterwards on the 30th day of June, 1917, * * * the following proceedings were had herein, viz.: On the court's motion, plaintiff's motion for a change of venue is stricken from the files. And afterwards on the 28th day of September, 1917, the plaintiff filed her praecipe in the office of the clerk of this court, which praecipe is in the words and figures following: (Here follows a praecipe, calling for a complete transcript of the record for appeal)." The record fails to show the entry of an order of dismissal, or the rendition of a judgment of any kind. In this state of the record an appeal will not lie. The appeal is therefore dismissed.