DECKARD *v*. STATE OF INDIANA.

[No. 29,837. Filed April 11, 1960.]

382

*Mellen & Mellen,* of Bedford, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged by affidavit with the crime of reckless homicide and was convicted after a trial by jury. He was fined in the sum of $100.00 and sentenced for a term of one to five years. Appellant's motion for new trial was overruled and appellant assigns such ruling as error in this Court.

Appellee contends in its brief that the appeal should be dismissed as the transcript contains no final judgment rendered by the court on the verdict of the jury, although it appears from the assignment of errors and appellant's petition to be admitted to bail, that such a judgment was rendered by the lower court in the cause.

We believe the case of *The State* v. *Hallowell* (1883), 91 Ind. 376, cited by appellee, is decisive of the question before us. In that case it was held no question was before us for consideration where the verdict or judgment was omitted from the transcript.

In the case before us no application for certiorari was addressed by appellant to this Court requesting permission to certify to this Court the portions of the record improperly omitted, as pointed out by appellee. The failure of appellant to file application for certiorari to bring up the omitted record, after appellee has pointed out such omission, can only lead us to conclude that appellant is content to stand on the form of the original transcript. The remedy of cer-

tiorari is provided by Rule 2-28 of this Court and in the absence of an application by appellant in accordance therewith, we are not under a duty to proceed to correct appellant's record.

Rule 2-3 providing that:

". . . No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues. . . ."

does not cover the situation where the case was finally disposed of in the court below, but the appealing party brings up an insufficient record. The case of *Canler* v. *State* (1953), 232 Ind. 209, 111 N. E. 2d 710, is not applicable here as in that case there was no final disposition in the court below. Here there was a final disposition below but appellant has not only failed to bring up a record showing the final judgment, but has not taken any action by certiorari to furnish a sufficient record after the omission was pointed out by appellee.

As no question is before us for consideration, the appeal is dismissed.

Arterburn, C. J., and Achor, J., concur.

Jackson and Bobbitt, JJ., concur in result.

NOTE.—Reported in 166 N. E. 2d 170.