MONTGOMERY, ETC. *v.* BOARD OF ZONING APPEALS
OF LAKE COUNTY ET AL.

[No. 30,267. Filed June 21, 1963]

*Allen P. Twyman,* of East Chicago, for appellants.

*William M. Demmon,* of Hobart and *Mario B. Tomsich,* of Gary, for appellees.

ACHOR, J.—This case is before this court on transfer from the Appellate Court under §4-209, Burns' 1946 Repl., the Appellate Court having been equally divided on the question as to whether, in the absence of the entry of a formal judgment herein (1) the case should be referred back to the trial court under Rule 2-3 of this court, for the purpose of entering a formal judgment based upon the trial court's decision, or

(2) whether, in the absence of a judgment, it was mandatory that the case be dismissed. The opinion of the Appellate Court is reported in 181 N. E. 2d 874.

The action herein is an appeal to the trial court from the granting of the zoning permit for a nonconforming use by a board of zoning appeals. The trial court stated his findings of fact and conclusions of law, which conclusions of law were stated as follows:

"1. That the law is with the respondents.
"2. That the appeal of the petitioners should be denied."

An order book entry was made and signed by the judge accordingly.

The above stated decision of the court was not reduced to the technical formality of a judgment. However, the conclusion stated was such that it effected a final adjudication of the issues in the case and it was so accepted by the parties. The trial court's failure to reduce its decision to a formal judgment was raised for the first time by the Appellate Court.

A similar procedural question was presented to this court in the case of *Canler* v. *State* (1953), 232 Ind. 209, 210, 111 N. E. 2d 710, 711. In that case there was an appeal from a judgment on a verdict which found the appellant guilty of murder in the first degree. This court briefly handled the matter as follows:

"When we examined the record we were of the opinion that judgment had not been entered on the verdict, and pursuant to Rule 2-3 of this court we retained jurisdiction of the appeal, and ordered the trial court to enter judgment on the verdict. This has now been done as evidenced by a certified copy of the proceedings now on file here. There is no merit to appellant's objections to

this procedure. The only proper assignment of error here is the trial court erred in overruling the motion for a new trial."

However, it is asserted that the more recent case of *Deckard* v. *State* (1960), 240 Ind. 381, 166 N. E. 2d 170, had the effect of overruling the Canler case, *supra*. We do not so construe the latter case. Rather, it is to be construed as holding that if final judgment is in fact entered in a case but that such judgment is not included in the transcript, which fact is asserted as grounds for dismissal by appellee, and the appellant thereafter fails to provide the deficiency by writ of certiorari, the case will be dismissed on the basis of the incomplete record. Such are not the facts in this case. Here, it develops that no formal judgment was entered, based upon the decision of the court, but that both parties considered the record sufficient to present the issue in controversy. No issue was raised as to the deficiency in the record and there was no laches on the part of appellants in providing a proper record, as was the circumstance in the Deckard case, *supra*.

We do not construe Rule 2-3 as being intended to cover a situation where a case is fully disposed of in the court below but the appealing party brings up an insufficient record. However, we believe that under circumstances where the record in the trial court does not disclose the entry of a final judgment but neither party has raised any question as to this defect in the record, our courts of appeal, rather than *sua sponte* raising this technical defect and dismissing the case for that reason, should, under ordinary circumstances, in order to decide cases on the merits whenever reasonably possible, suspend further consideration of the case until such time as a

final judgment is formally entered, certified to and incorporated as a part of the record. Such procedure is here recommended.

The case is remanded to the Appellate Court for further proceedings, consistent with this opinion.

Arterburn and Landis, JJ., concur; Jackson, J., concurs in the result; Myers, C. J., not participating.

NOTE.—Reported in 191 N. E. 2d 317.