## FEDERAL INSURANCE COMPANY v. LIBERTY MUTUAL INSURANCE COMPANY.

[No. 1-474A55. Filed November 21, 1974.]

*J. Lee McNeely*, of Shelbyville, for appellant.

*David M. Mattingly, Ice Miller Donadio & Ryan*, of Indianapolis, for appellee.

PER CURIAM.—This cause is pending before the Court on the appellee's Motion to Dismiss which alleges that there has been no final judgment entered by the trial court, and the order sought to be appealed is not an appealable interlocutory order, and if it were, the appeal is untimely filed.

Our examination of the record reveals that this was an action by Liberty Mutual Insurance Company for damages on a bond. After the issues were joined, and after certain discovery was had, the plaintiff, Liberty Mutual, filed its motion for summary judgment "as to all issues of liability" and "thereby reserving the issues of damages". Thereafter the defendant, Federal Insurance Company, filed its motion for summary judgment.

Subsequently, the trial court sustained the plaintiff's motion for summary judgment, and denied the defendant's motion. The court's entire entry, omitting only the caption and signature, is as follows:

### "ENTRY

"The motion of plaintiff for summary judgment against defendant is sustained. The motion of defendant for summary judgment against plaintiff is denied.

"It is ordered, adjudged and decreed, that defendant is liable to plaintiff on the bond sued on for such damages as plaintiff may have incurred as a proximate result of the obtaining of the restraining order against Liberty Mutual Insurance Company and the court further finds and adjudges that the trial of this case be restricted to the issue of damages.

### "REASONS

"Defendant became surety on a bond to secure a restraining order against plaintiff. Said bond was to guarantee the payment of any damages to plaintiff resulting from said restraining order if the issue of said restraining order was 'improvident or erroneous'.

"The Supreme Court of Indiana held that the issuance of the restraining order was without right. Defendant contends that the facts must show that the issuance of the order was 'wrongful'. Defendant contends that the issuance of a restraining order by a court in circumstances wherein the court does not have a right to issue said order is neverthe-

less not wrongful. One of the definitions of wrongful cited by defendant in its memo is 'not rightful'. The issuance of the injunction in this case has been found to be not rightful and therefore wrongful.
"Dated this 19th day of October, 1973."

Rule TR. 56 provides for a summary judgment on less than all the issues or claims. It further provides that such a partial summary judgment shall remain interlocutory in character unless the trial court certifies the partial judgment to be final. Sub-section (C) of Rule TR. 56 provides in part:

". . . A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. *A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. . . ."* (Our emphasis)

In comparing the trial court's entry with the emphasized portion of TR. 56(C) above, it is readily apparent that the court did not make any express written determination that there was not just reason for delay, and did not make any express written direction for the entry of judgment as to less than all the issues. Therefore, the trial court's order granting the plaintiff's motion for summary judgment on the issue of liability is interlocutory and is not appealable as a final judgment.

In *Harvey, Indiana Practice,* Vol. 3, p. 558, we find the following discussion of Rule TR. 56(C):

"Rule 56(C) contains a provision which varies from the prior Indiana summary judgment statute and the Federal Rule. Rule 56(C) now permits the court to finalize an order made under Subsection (D). Pursuant to Subsection (C) the court may enter a judgment from which an appeal will lie as to less than all the issues involved in a claim or with respect to less than all the claims or parties. However,

before such a determination will become final and appealable, the court must make two express written determinations:

"(1) that there is no just reason for delay; and

"(2) that judgment be entered.

"In such instance, an appeal will lie from the judgment entered as in the case of an appeal from any final judgment.

"Unless a court makes the two express determinations stated above, the ruling upon a motion for summary judgment, which serves to adjudicate less than the entire case, remains interlocutory in character, whether it is termed a 'judgment' or an 'order.' "

On page 560, Dean Harvey further comments:

"The Appellate Court has held that a trial court, upon entering summary judgment, must make an affirmative finding that there is no genuine issue as to a material fact and state, with particularity, its reasons for granting the motion. Singh v. Interstate Finance, [144] Ind. App. [444] 1969, 246 N.E.2d 776.

"Where the granting of a motion for summary judgment serves to dispose of the entire case, an appeal will lie as from a final judgment. Jose v. Ind. Nat'l Bank, [139] Ind. App. [272] 1966, 218 N.E.2d 165.

"*Likewise, where the court certifies a portion of the case for appeal and directs the entry of judgment thereon, an appeal will be as in the case of a final judgment.*

"*Absent the certification, the ruling upon a motion which serves to adjudicate less than the whole case, is interlocutory in character* and an appeal therefrom will be only in those instances specifically provided by rule or statute." (Our emphasis)

Thus, in the case now before us, because summary judgment was rendered on less than all of the issues, and because there is no certification for appeal, the adjudication is interlocutory in character and not appealable as a final judgment. Further, the order is not among those interlocutory orders permitted by reason of rule or statute to be appealed.

The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 319 N.E.2d 171.