MARY BELLE KASTEN, AS ADMINISTRATRIX OF THE ESTATE OF THOMAS F. KASTEN, SR., DECEASED *v*. SIMS MOTOR TRANSPORT AND THE CONTINENTAL INSURANCE COMPANIES.

[No. 3-675A115. Filed September 25, 1975.]

*Duane W. Hartman, Blackley, Tabor, Bozik & Hartman,* of Valparaiso, for appellant.

*Sam J. Bernadi, Jr., Spangler, Jennings, Spangler, & Dougherty,* of Valparaiso, for appellee.

PER CURIAM—This cause is pending before the Court on the Appellees' Motion To Dismiss Or Affirm Judgment which alleges that this is an attempted appeal from the denial of appellant's Motion For Summary Judgment which is not a final order from which an appeal can be taken.

The record reveals that plaintiff-appellant's decedent was a truck driver for the appellee Sims Motor Transport. While

in the course of his employment he suffered fatal injuries in a highway collision. Plaintiff-appellant sought and recovered workmen's compensation benefits in the State of Illinois against Sims Motor Transport and its insurer, Continental Insurance Companies.

Thereafter plaintiff commenced this action. Her second amended complaint was in four pleading paragraphs. The named defendants were Kenneth R. Bateman (presumably the driver of the other vehicle involved in the fatal collision), Meridian Mutual Insurance Company (which had issued a policy of insurance to plaintiff which contained uninsured motorist coverage), Sims Motor Transport and Continental Insurance Companies. The first two pleading paragraphs of the complaint alleged the defendant Bateman negligently caused the death of plaintiff's decedent, and the defendant Bateman caused willful and malicious injuries to her decedent. The third pleading paragraph is directed to Meridian Mutual Insurance Company, alleged the defendant Bateman is uninsured, Meridian Mutual is obligated under its policy to pay the plaintiff under the uninsured motorist provision but it has failed to do so. The fourth pleading paragraph was directed to the defendants Sims Motor Transport and/or Continental Insurance Companies and alleged they have, or should have, a policy of insurance, the uninsured provisions of which policy are to be paid to the plaintiff.

All of the defendants except Bateman filed answers to the second amended complaint. The defendants Sims Transport and Continental Insurance Companies also filed a cross-complaint against the defendant Meridian Mutual, alleging they were subrogated to the rights of the plaintiff on any recovery or rights she might have against the defendant Meridian Mutual. Subsequently, Meridian Mutual paid into the clerk of the court the sum of $15,000.00 which was its maximum liability on the uninsured motorist provision of its policy with

the plaintiff, and prayed it be dismissed as a party to these proceedings, which was done.

Thereafter the defendants Sims Transport and Continental Insurance Companies filed a motion for summary judgment and a counterclaim. Their motion for summary judgment and memorandum in support recited plaintiff's recovery against these defendants in the workmen's compensation proceedings, alleged plaintiff's exclusive remedy was under the workmen's compensation act, and that the plaintiff, by acceptance of the judgment thereunder, and acceptance of funds paid pursuant to that judgment, was estopped from collecting in a civil action against Sims Transport and Continental Insurance Companies.

The defendants' counter-claim again recited plaintiff's recovery in the workmen's compensation proceedings, alleged they were entitled to subrogation against any recovery made as a result of the death of the decedent, out of any fund from which the plaintiff might recover by judgment or settlement by any third party, and prayed the court to enjoin the plaintiff from removing any of the fund paid into the Court by Meridian Mutual Insurance Company because of these defendants' subrogation rights to those funds.

Subsequently plaintiff filed her motion for summary judgment, alleging Meridian Mutual had paid fifteen thousand dollars into court, had been discharged and the defendants Sims Transport and Continental Insurance Companies are wrongfully claiming said fifteen thousand dollars. Plaintiff's memorandum in support alleged that in Indiana, subrogation rights of workmen's compensation carriers have been limited to claims against third parties whose negligence caused the injury or death. In this case, the plaintiff's right to recover against Meridian Mutual is a contractual right, not a tort right, and therefore Sims Transport and Continental Insurance Companies have no subrogation rights to the fund paid in by Meridian Mutual.

The two motions for summary judgment were not as the two sides of the same coin. They were addressed to two separate and distinct issues. Sims Transport and Continental's motion was in the nature of an affirmative defense to plaintiff's action against them. Plaintiff's motion was in the nature of a defense to defendants' counter-claim, asserted her right to the fund paid into court by Meridian Mutual and alleged Sims Transport and Continental were wrongfully claiming that fund.

The trial court heard argument on these motions and entered the following order:

"This cause having heretofore been submitted to Court on plaintiff's and defendant's Sims Motor Transport and Continental Insurance Companies separate motions for summary judgment and continued for decisions and the Court having considered the motions, pleadings, briefs and arguments of counsel and being duly advised in the premises now denies plaintiff's motion for summary Judgment and Court further finds that Plaintiff has elected to recover under the Workmans Compensation Act and pursuant to Burns 22-3-2-13 (40-1213) is estopped from collecting in a civil action and that there is no genuine issue as to material facts, therefor, defendants, Sims Motor Transport and the Continental Insurance Companies Motion for Summary Judgment is now sustained."

Thereafter the plaintiff filed her motion to correct errors which is as follows:

"MOTION TO CORRECT ERRORS

"Comes now the plaintiff and respectfully shows the Court, pursuant to TR. 59, that it has erred in the following:

"1. The decision is contrary to law and the evidence is that an uninsured motorist payment to the plaintiff is a contract between the plaintiff and Meridian Mutual Insurance Company, and not subject to subrogation under the Workmen's Compensation Act of Indiana, as more specifically spelled out in the memorandum attached hereto."

The memorandum in support of the motion to correct errors repeats the argument made in her earlier memorandum in support of her motion for summary judgment, namely, that her right of recovery against Meridian Mutual is contractual, not a right arising out of tort, and therefore Sims Transport and Continental Insurance Companies have no right of subrogation against her recovery from Meridian Mutual. Thus it clearly appears that the appellant sought to appeal only that part of the order which denied her motion for summary judgment. In the appellant's brief, she attempts to commingle the issues presented by the defendants' motion for summary judgment with the issues presented by her motion for summary judgment. In the Statement of the Issues Presented for Review, appellant states:

> "The only issue presented for review is whether the insured (Appellant) or the workmen's compensation carrier (Appellee-Continental) is entitled to the $15,000.00 uninsured motorist insurance paid into the court by Meridian, that is whether the insured is estopped from claiming the uninsured motorist benefits where insured has already received workmens' compensation benefits."

The issue of estoppel was raised by the defendants Sims Transport's and Continental Insurance's motion for summary judgment which was granted. Appellant's motion to correct errors is silent concerning that part of the court's order. Therefore appellant cannot raise for the first time in her brief an alleged error not initially raised in the motion to correct errors. This leaves the appellant with the sole preserved error that the trial court erred in denying her motion for summary judgment. While the alleged error is not spelled out in those words, that is the import to be gathered from her motion to correct errors, compared with the trial court's order and the two motions for summary judgment on which the order was based.

Having arrived at the point of determining from the record that appellant's appeal is from an order denying her motion

for summary judgment, we now again consider the appellees' motion to dismiss or affirm. Rule 56(E) provides that denial of summary judgment may be challenged by a motion to correct errors *after* a final judgment or order is entered. (our emphasis)

In the cases of *Pitts* v. *Woolridge* (1974), 161 Ind. App. 404, 315 N.E.2d 736, and *Federal Insurance Co.* v. *Liberty Mutual Ins. Co.* (1974), 162 Ind. App. 242, 319 N.E.2d 171, this Court held the denial of a motion for summary judgment was not a final judgment, but was an interlocutory order which was not an appealable interlocutory order. The denial of a motion for summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law; a trial is therefore necessary. Wright and Miller, *Federal Practice and Procedure*, Vol. 10, § 2715, p. 424.

Thus, in the case now before us, *for the purpose of the ruling on her motion for summary judgment,* the plaintiff failed to establish that there were no genuine issues of fact and that she was entitled to judgment as a matter of law, on the issue of her right to the fund paid into court by Meridian Mutual, as opposed to the claimed right of subrogation asserted by the defendants Sims Transport and Continental. A trial will be required to resolve that issue.

Still another reason exists why this appeal must be dismissed. Even if we were to accept appellant's commingled argument as set forth in her brief and consider this appeal to be from that part of the order *granting* defendants' motion for summary judgment in addition to that part of the order denying plaintiff's motion, such an order would be a summary judgment as to less than all the parties and as to less than all the issues. Again, such an

order is interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. TR. 56(C). The trial court did not so determine and direct in this case. Among the issues raised by the pleadings and remaining for disposition in the trial court are the alleged liability of the defendant Kenneth Bateman, the amount of damages, if any, to be adjudged against him, and the rights of Sims Transport and Continental under their counter-claim.

Since appellant's attempted appeal is neither from the class of *appealable* interlocutory orders, nor from a final judgment, we have no jurisdiction over this appeal and the same must be dismissed.

The appellees' Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 333 N.E.2d 906.