JOSEPH B. MINOR AND CHARLOTTE S. MINOR *v.* RUPERT P. CONDICT AND WILLIAM FOSSE D/B/A CONDICT & FOSSE ARCHITECTS AND MINNESOTA MINING AND MANUFACTURING COMPANY.

[No. 1-1175A210. Filed March 16, 1977.]

*Minor & Fields,* of Evansville, for appellants.

*Robert H. Hahn, Mark L. Phillips, Bamberger, Foreman,*

---

3.   IC 1971, 31-1-11.5-7 (Burns Supp. 1976); *Castor* v. *Castor* (1975), 165 Ind. App. 520, 333 N.E.2d 124.

*Oswald and Hahn,* of Evansville, *John D. Clouse,* of Evansville, for appellees.

LOWDERMILK, J.—Plaintiffs-appellants Joseph B. and Charlotte S. Minor (Minors) bring this appeal although the record contains no judgment by the trial court in favor of defendants-appellees Rupert P. Condict and William Fosse, d/b/a Condict & Fosse Architects (Architects), and Minnesota Mining and Manufacturing Company (3M). The jury returned a verdict against Minors.

Architects raised the omission of the judgment in their motion to dismiss or affirm, which we denied. They and 3M again pointed out the omission in their briefs.

The issue of whether this appeal should be dismissed on account of the omission is of such import that we will reconsider our denial of Architects' motion to dismiss or affirm.

It is firmly established in Indiana practice that an appellate court must dismiss an appeal where the record contains no judgment; without a judgment there is nothing for this court to consider. *Deckard* v. *State* (1960), 240 Ind. 381, 166 N.E.2d 170; *Becks* v. *State ex rel. Dowd* (1951), 230 Ind. 231, 99 N.E.2d 746; *Aetna Life Insurance Co. of Hartford, Conn.* v. *Benson* (1895), 142 Ind. 323, 40 N.E. 797; *Gray* v. *Singer* (1894), 137 Ind. 257, 36 N.E. 209; *Holloway* v. *Holloway* (1863), 20 Ind. 154; *Reese* v. *Beck* (1857), 9 Ind. 238; *Acme-Goodrich, Inc.* v. *Neal* (1959), 129 Ind. App. 614, 156 N.E.2d 790; *Botteron* v. *Windell* (1941), 109 Ind. App. 652, 37 N.E.2d 269; *Fitzgerald* v. *Merchants National Bank* (1920), 72 Ind. App. 255, 125 N.E. 650; *Board of Comm. of County of Marion* v. *Hutson* (1914), 55 Ind. App. 447, 103 N.E. 1090.

A judgment is an essential element of any appeal. *Citizens National Bank of Grant County* v. *Harvey* (1975), Ind. App., 334 N.E.2d 719. It is entered in the court's order book and therefore must be included in the record of the pro-

ceedings. Ind. Rules of Procedure, Appellate Rule 7.2(A)(2).

Minors rely on *Lawrence* v. *Pennsylvania Railroad Co.* (1960), 130 Ind. App. 18, 168 N.E.2d 74, in which this court suspended consideration of an appeal until a final judgment was entered.

The basis for the *Lawrence* decision was the rule which is now Ind. Rules of Procedure, Appellate Rule 4(E); it provides that where an appeal is taken from a partial judgment which does not dispose of the case as to all issues and parties, the appellate court has the discretion to pass upon the adjudicated issues or to suspend consideration until the entry of a final judgment disposing of the case as to all issues and parties—but not to dismiss the appeal. For example, the *Lawrence* trial court dismissed one paragraph of the complaint and tried the second paragraph to the jury, but did not enter judgment on the jury's verdict.

However, AP. 4(E), and hence *Lawrence, supra,* does not apply in the instant case, which was fully disposed of in the trial court and in which Minors bring up an insufficient record. *Montgomery* v. *Board of Zoning Appeals of Lake County* (1963), 244 Ind. 117, 191 N.E.2d 317; *Deckard, supra.*

As our Supreme Court stated in *Deckard, supra,* at 240 Ind. 382-383:

"In the case before us no application for certiorari was addressed by appellant to this Court requesting permission to certify to this Court the portions of the record improperly omitted, as pointed out by appellee. The failure of appellant to file application for certiorari to bring up the omitted record, after appellee has pointed out such omission, can only lead us to conclude that appellant is content to stand on the form of the original transcript. . . . [I]n the absence of an application by appellant . . . we are not under a duty to proceed to correct appellant's record."

Inasmuch as Minors have ignored the opportunity provided by Ind. Rules of Procedure, Appellate Rule 15(D) to correct by certiorari the omission pointed out by Architects and 3M, this appeal is hereby

Dismissed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 360 N.E.2d 857.