BARBARA PARRETT, AS ADMINISTRATRIX OF THE ESTATE OF JERRY L. PARRETT *v.* BORIS LEBAMOFF AND PETER G. ATZEFF, d/b/a GREEN FROG INN.

[No. 3-178A18. Filed January 8, 1979.]

*Ronald Frybarger*, of Fort Wayne, for appellant.

*John F. Lyons, William F. McNagny, Barrett, Barrett & McNagny,* of Fort Wayne, for appellees.

GARRARD, P.J. — This case arises on a motion to dismiss the appeal. In the trial court plaintiff filed a complaint to recover for wrongful death. The defendants attacked the claim with a motion, and the court made the following entry,

> "Motion filed in this cause should be treated as a motion for dismissal under Trial Rule 12(B)(6), and as such, the Court finds Complaint does not state a cause of action upon which relief could be granted and, therefore, pursuant to said Rule dismisses the cause. Costs to plaintiff."

The plaintiff then appealed. Citing *Constantine v. City-Cty. Council of Marion Cty.* (1977), 267 Ind. 279, 369 N.E. 2d 636 the defendants assert there is no appealable final judgment and the appeal must be dismissed.

We find two distinct propositions of law in *Constantine.*

The first is that a trial court entry sustaining a motion but going no further is not sufficient to constitute a final judgment. Thus, in *Constantine* the ruling merely stated, "Defendant's motion to dismiss granted." This was not a judgment. *See also Starke Memorial Hospital v. Todd Equipment Leasing Co.* (1975), 166 Ind.App.

103, 333 N.E. 2d 925; *Hendrickson v. American Fletcher Nat'l. Bank & Trust Co.* (1973), 158 Ind. App. 20, 301 N.E. 2d 530. The court's entry in the present case which *adjudicated* dismissal of the claim and taxed the costs of the action is not subject to this defect.

■ The second proposition concerns the appropriate method for adjudging a dismissal pursuant to Trial Rule 12(B)(6).

In salient part the rule provides,

"When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

Clearly this language does not contemplate the immediate entry of judgment upon the sustaining of such a motion. Rather it prescribes a procedure similar to the old practice on demurrers. The court should grant the motion, await the expiration of the ten day period and then adjudge the dismissal for the failure of the party to plead over. In the alternative the party against whom the motion is granted may advise the court of his election to not plead over and thus authorize entry of judgment.

However, it is equally clear that the only party harmed by the entry of judgment immediately upon the sustaining of a TR. 12(B)(6) motion is the party against whom the motion was directed. If he in fact ■ does not wish to plead over, no harm has occurred from the error.

In addition, we are mindful that Appellate Rule 4(E) provides that appeals should not be dismissed as a matter of right merely because the case was not finally disposed of in the court below. We may ■ dismiss such an appeal, or in our discretion, we may suspend consideration until the necessary final disposition is made by the trial court, or we may decide the issues which have been adjudicated so long as they are properly severable.

In this case we could remand to the trial court with instructions to afford the plaintiff opportunity to amend and then entry of an ap-

propriate judgment. Under the issues the parties seek to litigate it appears that this would merely provide delay for the amount of time necessary to secure a procedurally correct entry.

We hold that delay to be unnecessary, and that plaintiff has waived the error arising from the immediate entry of the judgment of dismissal.

We therefore deny appellees' motion to dismiss. The appellees are now granted an additional thirty (30) days time from the certification of this opinion within which to file their brief on the merits.

Hoffman, J. concurs; Staton, J. concurs in result.

NOTE—Reported at 383 N.E.2d 1107.