Lenora HUFF, Appellant (Plaintiff Below),

v.

Dennie L. HOUSE, Thomas P. Lynott, James A. Huff and Chicago Title Insurance Co., Appellees (Defendants Below).

No. 4-882A254.

Court of Appeals of Indiana, Fourth District.

Aug. 22, 1983.

John Hovanec, Atty. at Law, Gary, for appellant.

Fred M. Stults, III, Stults, Custer, Kutansky & McClean, Gary, for appellee House.

## ON PETITION FOR REHEARING

YOUNG, Judge.

We originally dismissed this appeal because the trial court rendered summary judgment as to only one of several defendants and did not direct the entry of judgment as provided in Ind.Rules of Procedure, Trial Rule 56(C). On petition for rehearing,

Huff contends that, even though the order she appeals was not final, we should exercise our authority under Ind.Rules of Procedure, Appellate Rule 4(E) and review the trial court's decision in this case. In support of this argument, Huff alleges that her claims against the remaining defendants have been voluntarily dismissed with prejudice since this appeal was filed.

■ It is clear that we have authority to dismiss attempted appeals from interlocutory orders like the one at issue. *See Parrett v. Lebamoff,* (1979) 179 Ind.App. 25, 383 N.E.2d 1107. However, we also have discretionary authority to consider such appeals in appropriate circumstances. Appellate Rule 4(E) provides:

No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below.

Our courts have repeatedly exercised this authority to consider appeals from non-final orders, even though the requirements of A.R. 4(B) have not been met. *Krueger v. Bailey,* (1980) Ind.App., 406 N.E.2d 665; *Highland Realty, Inc. v. Indianapolis Airport Authority,* (1979) Ind.App., 395 N.E.2d 1259; *Parrett v. Lebamoff, supra; First Equity Security Life Ins. Co. v. Keith,* (1975) 164 Ind.App. 412, 329 N.E.2d 45.

■ In this case, Huff alleges that her claims against the remaining defendants have been dismissed. If this is so, the trial court's order granting summary judgment as to defendant House should be ripe for entry of final judgment. In such circumstances, the proper procedure is not to dismiss but to suspend our consideration of the appeal as provided by A.R. 4(E) pending our receipt of a copy of the trial court's entry of final judgment on its order granting sum-

mary judgment. *Montgomery v. Board of Zoning Appeals,* (1963) 244 Ind. 117, 191 N.E.2d 317; *Ingmire v. Butts,* (1974) 160 Ind.App. 575, 312 N.E.2d 885. The court's order, of course, must be properly certified and added to the record as provided by A.R. 7.2.

Huff's petition for rehearing is accordingly granted. This court's memorandum decision dismissing Huff's appeal is vacated, and our consideration of this appeal is suspended pending the entry of final judgment below.

MILLER, J., concurs.

CONOVER, P.J., dissents with opinion.

CONOVER, Presiding Judge, dissenting.

I dissent.

We originally dismissed this appeal because the trial court entered only a partial summary judgment and Lenora Huff (Huff) had not sought certification of the issues under Ind.Rules of Procedure, Trial Rule 56(C). Huff's petition for rehearing claims we lack authority to dismiss the appeal because of Appellate Rule 4(E). The majority now concurs in that assertion, but I do not.

This court has jurisdiction on appeal in civil cases, (assuming the other pre-appeal steps have been timely taken) when:

1) the trial court has entered a final judgment [A.R. 4(A)],

2) the trial court has certified a partial summary judgment [T.R. 56(C)],

3) the trial court has entered judgment, making an interlocutory order final [T.R. 54(B)], and

4) the interlocutory order is one of the kind specified in A.R. 4(B).

In this case, the judgment was neither final nor an interlocutory order of the kind specified in A.R. 4(B). Summary judgment here was entered only as to some of the parties and issues. Thus, Huff's only route to an immediate appeal was to obtain the trial court's certification of the issues under T.R. 56(C).

That rule permits the trial court to enter summary judgment on less than all the issues, claims or parties, but such judgment is interlocutory and not appealable unless the trial court, in writing, directs entry of judgment because there is "not just reason for delay." Only then may a partial summary judgment be appealed. *Kasten v. Sims Motor Transport,* (1975) 166 Ind.App. 117, 333 N.E.2d 906.

As Staton, J., speaking for the unanimous Third District of our court recently said:

Ind.Rules of Procedure, Trial Rule 56(C) reads, in pertinent part:

"A summary judgment may be rendered upon less than all the issues or claims[.] ... A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all issues, claims or parties. The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts...."

Thus, if a summary judgment is granted with respect to less than all of the issues before the court, that judgment is *final and appealable only if the trial court:* (1) in writing *expressly determines* that there is no just reason for delay; and (2) in writing expressly enters judgment thereon. *Stanray Corp. v. Horizon Construction, Inc.,* (1976) 168 Ind.App. 164, 342 N.E.2d 645, 651; *Kasten v. Sims Motor Transport* (1975), 166 Ind.App. 117, 333 N.E.2d 906, 910. (Emphasis supplied.)

*Lawson v. Howmet Aluminum Corp.,* (1983) Ind.App., 449 N.E.2d 1172, 1176. This procedure is jurisdictional as to this court. *Kasten, supra.* Here, Huff did not request and the trial court did not make the necessary certification. Therefore, we lack jurisdiction to entertain this appeal. *Kasten, supra.*

However, Huff directs our attention to A.R. 4(E) which provides:

No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below.

At first blush, A.R. 4(E) appears to be in conflict with T.R. 56(C), that is T.R. 56(C) appears to prohibit us from considering an uncertified interlocutory order for lack of jurisdiction, while A.R. 4(E) appears to prohibit us from dismissing such an attempted appeal. The apparent conflict has not been resolved either by our supreme court or this one. While some cases, such as *Kasten v. Sims Motor Transport,* (1975) 166 Ind.App. 117, 333 N.E.2d 906, hold there is no appellate jurisdiction over interlocutory questions not certified under T.R. 56(C), other cases not addressing this jurisdictional issue have asserted a judicial discretion to decide such cases, cf. *Highland Realty, Inc. v. Indianapolis Airport Authority,* (1979) Ind.App., 395 N.E.2d 1259; *Krueger v. Bailey,* (1980) Ind.App., 406 N.E.2d 665, or dismiss them, cf. *Parrett v. Lebamoff,* (1979) 179 Ind.App. 25, 383 N.E.2d 1107.

I believe these two rules are not in conflict, but can be read in harmony. The first clause in A.R. 4(E), regarding an appeal which cannot be dismissed, refers to a properly certified interlocutory order or final judgment of which we have jurisdiction. That clause prohibits this court from dismissing an appeal containing properly certified issues under T.R. 56(C) or 54(B).[1] The later clauses of A.R. 4(E) set out the options available to this court when presented with such a properly certified interlocutory or final judgment. We may either address the properly certified issues which do not prejudice other parties or suspend consideration until the remaining issues are finally decided below.

Since Huff did not comply with T.R. 56(C) and seek certification, we have no jurisdiction to entertain her attempted appeal. That being so, neither can she claim any benefit under A.R. 4(E). Her appeal was properly dismissed, in my opinion.

The majority ignores the decisions of this court in *Kasten* and *Lawson.* They explicitly hold certification is a condition precedent to the exercise of appellate jurisdiction in such cases. I believe we should respect such precedent because it clarifies a perplexing procedural anomaly.

For the above reasons, I would deny rehearing.

---

1. To the extent *Krueger v. Bailey,* (1980) Ind. App., 406 N.E.2d 665, can be interpreted otherwise on this point, I disagree with it.