**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ERIC D. SMITH**
New Castle Correctional Facility
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  46A04-1303-MI-164 |
| | ) | |
| SUPERINTENDENT, et al., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

CONSOLIDATED APPEAL FROM THE LaPORTE SUPERIOR COURT
The Honorable Jennifer L. Koethe, Judge
Cause Nos. 46D03-1206-MI-563, 46D03-1207-MI-707, 46D03-1209-PL-1242,
46D03-1210-PL-1534, 46D03-1211-MI-1679, 46D03-1211-MI-1680,
46D03-1211-MI-1681, and 46D03-1211-MI-1851

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In this consolidated appeal, inmate Eric D. Smith appeals the dismissal of eight complaints filed in the LaPorte Superior Court. Because his notices of appeal were untimely filed, we dismiss his appeal.

**Facts and Procedural History**

This is a consolidated appeal of the following cases: *Smith v. Superintendent*, 46D03-1206-MI-563; *Smith v. Bruce Lemmon*, 46D03-1207-MI-707; *Smith v. Jack Hendrix, Bruce Lemmon, Dave Leonard, and Larry Warg*, 46D03-1209-PL-1242; *Smith v. Commission for Higher Education, Mitch E. Daniels, and Bruce Lemmon*, 46D03-1210-PL-1534; *Smith v. Dick Brown, Bruce Lemmon, Lt. Nicholson, Ofc. Heather Wallace, Ofc. Sarah Chapman, Officer F. Brannick, and Sgt. Mark Shroyer*, 46D03-1211-MI-1679; *Smith v. Bruce Lemmon, Sally Nowatzke, Officer Linscott, John Schrader, and Donney Steber, Jr.*, 46D03-1211-MI-1680; *Smith v. IDOC and Bruce Lemmon*, 46D03-1211-MI-1681; and *Smith v. Mitch E. Daniels and Bruce Lemmon*, 46D03-1211-MI-1851. These cases were filed between June and November, 2012.

In the first seven of these cases, the trial court entered on November 14, 2012 nearly identical orders dismissing the cases for failure to comply with Indiana Code Section 34-13-7-1, which sets forth certain materials that an offender must submit to the trial court before filing a civil rights action or tort claim against a public employee or government entity. *See also* Ind. Code § 34-58-1-2 (requiring trial courts to screen complaints filed by offenders). On December 5, 2012, Smith filed motions in each of these cases, which he titled "Motion to

2

Reconsider Dismissal and Order Dated November 14, 2012." Appellant's App. at 47, 59, 71, 83, 95, 107, 119.

In the remaining case, the trial court dismissed the case on November 29, 2012. On December 14, 2012, Smith filed a "Motion to Reconsider Dismissal and Order Dated November 29, 2012." *Id*. at 131.

On February 20, 2013, the trial court denied all eight motions. On March 20, 2013, Smith submitted a single notice of appeal that purported to cover all eight cases. Later, on April 22, 2013, Smith filed a motion to consolidate the appeals and submitted a new notice of appeal, which also covered all eight cases. Smith's motion to consolidate was granted on May 28, 2013. Given the procedural posture of this case, the Attorney General filed a notice of non-involvement, which we accepted.

**Discussion and Decision**

Smith challenges the dismissal of his complaints on several grounds, but because his notices of appeal were untimely filed, we dismiss this appeal. The trial court's dismissal orders were final orders because they disposed of all claims as to all parties. *See* Indiana Appellate Rule 2(H) ("A judgment is a final judgment if … it disposes of all claims as to all parties…").[1] Smith's subsequent motions to reconsider were in fact motions to correct error because they were filed after the entry of final judgments. *See Hubbard v. Hubbard*, 690

---

[1] An order of dismissal may not be final if the plaintiff has the opportunity to replead. *See Parrett v. Lebamoff*, 179 Ind. App. 25, 26-27, 383 N.E.2d 1107, 1108-09 (1979) (noting that when a claim is dismissed pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted, plaintiff may amend the complaint as of right). Unlike Trial Rule 12(B), Indiana Code Sections 34-13-7-1 and 34-58-1-2 do not confer a right to amend the complaint.

N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (a motion to reconsider is filed before entry of final judgment; a motion to correct error is filed after entry of final judgment). A motion to correct error is deemed denied if the court takes no action on it for forty-five days. Ind. Trial Rule 53.3. In the first seven cases, Smith filed his motions to correct error on December 5, 2012. Forty-five days later was Saturday, January 19, 2013, and Monday, January 21, 2013 was a State holiday; thus, Smith's motions were deemed denied on Tuesday, January 22, 2013. *See* Trial Rule 6(A) (when a deadline falls on a Saturday, Sunday, holiday, or other day that the court is closed, the deadline is extended to the next day that the court is open). Smith then had thirty days in which to file a notice of appeal. *See* Ind. Appellate Rule 9(A)(1) (when a party files a timely motion to correct error, notice of appeal must be filed within thirty days after the motion was deemed denied). Thus, Smith's notice of appeal was due by February 21, 2013. Even assuming that Smith's original notice of appeal filed on March 20, 2013, validly commenced the appeal for all eight cases, the appeal is untimely.

In the remaining case, Smith filed his motion to correct error on December 14, 2012. The motion was deemed denied forty-five days later on January 28, 2013. His notice of appeal was therefore due by February 27, 2013. Once again, the earliest possible date for his notice of appeal is March 20, 2013. Because Smith's appeal is untimely, we dismiss the appeal.

Dismissed.

BARNES, J., and PYLE, J., concur.